JOHN P. WAKEFIELD *vs.* ALBERT H. FARNUM & another.

Suffolk. January 19, 1898. — February 28, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Purchase and Sale on Margin — Account Stated — Evidence — Wagering Contract — Action.*

It is competent to show that an account stated originated in an illegal transaction.

In an action to recover a balance due upon the purchase and sale of wheat on margin, the defence to which is that the contract was a wagering contract at common law, if there is evidence that the defendant, a broker in Boston, as principal, dealt with the plaintiff, although he carried out his contracts through his correspondent in Chicago, the plaintiff is not entitled to a ruling that "the defendant has not shown that the contract in Chicago was a wagering contract, and therefore the plaintiff should recover."

In an action to recover a balance due upon the purchase and sale of wheat on mar-

---

gin, the defence to which is that the contract was a wagering contract, if the evidence is such as to warrant a finding that the defendant, a broker in Boston, was a principal in dealing with the plaintiff, although he carried out his contracts through his correspondent in Chicago, each keeping an account with the other, in which the profits and losses were debited and credited, the balances being paid monthly, the plaintiff is not entitled to a ruling that " the defendant was an agent, and as such is not entitled to set up the transaction by which the money came to his hands, and therefore the plaintiff should recover."

If A. gives to B., a broker in Boston, an order to buy a quantity of wheat, depositing a sum as a margin, and B. buys it through C., his correspondent in Chicago, " deliverable seller's option " two months later, and A. shortly after the purchase orders B. to sell the wheat, which B. does at a profit, sending A. a statement of account showing a balance due the latter, in an action by A. against B. to recover such balance, the defence to which is that the contract was a wagering contract, the judge, who tries the case without a jury, is not required to find for the plaintiff, if there is evidence that the transaction was intended as a wager.

CONTRACT, in two counts, against Albert H. Farnum and Edmund Reardon, copartners as Farnum, Reardon, and Company. The first count was to recover a balance found due to the plaintiff by the parties on accounting together; and the second count was for money received by the defendants to the plaintiff's use, according to a bill of particulars. The answer of the defendant Reardon, who alone defended, set up that the contract declared upon was a wagering contract, and illegal and void.

At the trial in the Superior Court, before *Hardy*, J., without a jury, it appeared that the plaintiff was a provision dealer in Andover, and the defendants were brokers doing business in Boston; that on May 10, 1895, the plaintiff gave an order to the defendants, through their clerk, to buy for him ten thousand bushels of wheat, asking him how much money he would want, to which he replied $500; that, a few days later, the plaintiff received a memorandum dated at Boston, May 11, stating that the defendants had bought for his account and risk in Chicago at a certain price ten thousand bushels of wheat, " deliverable seller's option " in July, and also a request to remit $500 for his account; that he remitted the $500, for which the defendants sent a receipt, dated May 13; that the defendants forwarded the plaintiff's order for the purchase of the wheat to the firm of Baldwin and Farnum in Chicago, who were their correspondents there; and that on May 24 the plaintiff, who had ordered them to sell the wheat, received from the defendants a statement, dated May 23, showing that the wheat had been sold at a profit of

$1,805, and also a statement of account showing a balance due the plaintiff of $2,305, which the defendants, who failed in business about May 23, neglected to pay, and for which this action was brought.

The judge found for the defendants; and the plaintiff alleged exceptions to the admission of certain evidence, and to the refusal to give certain rulings requested, the nature of which appears in the opinion.

*W. Odlin*, for the plaintiff.

*G. F. Ordway*, for the defendants.

FIELD, C. J.   The first exception of the plaintiff is to the admission as evidence of the written statement made by the defendants to the plaintiff of the purchase of wheat.   The ground of this exception is that, as one count of the declaration is on an account stated, it is not competent to show that the balance found due on accounting was the result of an illegal contract. The paper admitted in evidence showed the purchase of wheat by the defendants on account of the plaintiff at a certain price, and it appeared that by a subsequent sale there resulted a certain sum as profits which, with $500 advanced by the plaintiff to the defendants, made up the amount sued for.   The defendant Reardon contended that this purchase and the subsequent sale were not a real purchase and sale, but were merely a form of wager upon the price of wheat, to be determined by the difference in the quotations at the time of the pretended purchase and sale. The paper was plainly admissible as a part of the transaction which resulted in the balance sued for.   It is as competent to show that an account stated originated in an illegal transaction as that a promissory note so originated.

The exceptions state that at the close of the evidence the plaintiff elected not to rely on St. 1890, c. 437.   His contention was that the transaction was a *bona fide* purchase and sale of wheat. The defendant did not rely upon St. 1890, c. 437, but upon the common law.   Therefore the first request of the plaintiff for a ruling, that this statute did not apply, need not be considered.

By the second request* the plaintiff apparently contended that

---

\* This request was as follows: "The defendant has not shown that the contract in Chicago was a wagering contract, and therefore the plaintiff should recover."

the defendant Reardon had not shown that the contract of purchase made between Baldwin and Farnum in Chicago and the unknown person or persons with whom they dealt was a wagering contract. But the defendant Reardon contended that the contract was made in Boston between the plaintiff and the defendants as principals, and that this was a wagering contract at common law. There was abundant evidence that the defendants as principals dealt with the plaintiff, although they carried out their contracts through their correspondents, Baldwin and Farnum, in Chicago. The two firms had one member in common, Farnum, and they divided the commissions.

The third request is, "That Farnum, Reardon, & Co. were agents, and as such are not entitled to set up the transaction by which the money came to their hands, and therefore the plaintiff should recover." It does not appear that any money specifically came into the defendants' hands for the plaintiff. The defendants and Baldwin and Farnum of Chicago kept an account with each other, in which the profits and losses were credited and debited; and the balances, as they happened to be, were paid monthly. Baldwin and Farnum did not know the plaintiff, and had no account with him. The plaintiff's account was designated between the two firms as Account 17. If the defendants as agents of Baldwin and Farnum had received a certain amount of money to be paid to the plaintiff, it may be that they could not set up in defence that their principals had been engaged with the plaintiff in gambling in wheat. This might be a defence which they could not make if their principals did not choose to make it. But the evidence was such that it was competent for the court to find that the defendants were principals in dealing with the plaintiff.

The court on the evidence was not required to find for the plaintiff.* *Harvey* v. *Merrill*, 150 Mass. 1. *Barnes* v. *Smith*, 159 Mass. 344.

*Exceptions overruled.*

---

* The fourth request for rulings was that " on all the evidence in the case the plaintiff should recover."