LAMSON ALLEN *vs.* WIRT X. FULLER & another.
LEONARD H. ALLEN *vs.* SAME.

Worcester.    October 1, 1902. — October 30, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Wagering Contracts. Evidence. Practice, Civil.*

Whether the words "ten shares of Parrot" and "ten shares of C. B. & Q." unexplained describe securities or commodities within St. 1890, c. 437, *quære.*

In two actions against a firm of brokers under St. 1890, c. 437, for payments made upon wagering contracts, it appeared, that the transactions in question were entirely between the plaintiffs and a person in an office of the defendants at Worcester, and that both of the plaintiffs had conversations with one of the defendants at the office of the partnership in Boston and were told by him that the agent with whom they had dealings was the manager of the defendants' business in Worcester. The door of the office in Worcester where the transactions occurred bore the name of the partnership, the business there transacted by each plaintiff was within St. 1890, c. 437, and there was no evidence that any other kind of business ever was carried on there. *Held,* that on this evidence a jury were warranted in finding that the person with whom the plaintiffs transacted their business was the defendants' agent for the purpose of entering into the illegal contracts alleged.

If in an action under St. 1890, c. 437, for payments made upon wagering contracts the plaintiff in answer to questions put to him by the defendant on cross-examination testifies that it was understood that no stock should be bought at all, but that it was a question of making money on the rise and fall of prices as they should be recorded on the ticker, although this evidence would not have been competent if offered by the plaintiff, yet when put in by the defendant it is evidence to be considered by the jury and is evidence that the plaintiff's intention not to perform was disclosed at the time the contracts were made.

A ruling correct as a proposition of law properly may be refused if not called for by the case put in evidence.

Two ACTIONS OF CONTRACT, by different plaintiffs against the same defendants, under St. 1890, c. 437, § 2, for payments alleged to have been made upon wagering contracts. Writs dated May 15 and 18, 1900.

In the Superior Court the cases were tried before *Fox*, J., who refused to order verdicts for the defendants and also refused certain rulings requested by the defendants. The jury returned a verdict for the plaintiff in each case, in the first case in the sum of $4,487.10, and in the second case in the sum of $11,409.53. The defendants alleged exceptions.

*C. H. Wood,* ( *C. W. Wood* with him,) for the plaintiffs.

*H. Parker,* ( *C. C. Milton* with him,) for the defendants.

LORING, J. We are of opinion that the exceptions in this case should be overruled.

1. The first ruling requested by the defendants was that a verdict in their favor should be entered as matter of law.

In support of this they first contend that it was not shown what ten shares of Parrot and ten shares of C. B. & Q. were, and therefore the court cannot as matter of law say that they were securities or commodities within St. 1890, c. 437. But without going further, it is enough to dispose of this contention that these were not the only securities dealt in and therefore a general verdict for the defendants could not have been entered, even if their position is correct.

Their next contention is that the relation between the parties was that of principal and agent, and not of buyer and seller. But the first three counts are common counts, and the fourth is a special count within the second clause of St. 1890, c. 437, § 2.

Their third and fourth contentions are that the transactions were entirely between the defendants' agent Gaylord and the plaintiffs, and there was no proof of any agency on the part of Gaylord beyond a general agency; and that does not include the making of the illegal contracts which are the subject of this action.

The plaintiffs rely on the cases holding that a sale of liquor by a clerk in a place kept by the defendant is sufficient evidence of a sale by the defendant through his agent. *Commonwealth* v. *Holmes,* 119 Mass. 195. *Commonwealth* v. *Perry,* 148 Mass. 160. But these cases do not quite cover the case at bar; for the bur-

den of showing a license is by statute on the defendant, and
therefore in the absence of proof of a license all the business
carried on in the place is necessarily illegal. See *Commonwealth*
v. *Briant*, 142 Mass. 463. But we think that in this case the
jury were warranted in finding that Gaylord was the defendants'
agent to enter into the illegal contracts complained of. Both
plaintiffs testified that they had conversations with the defend-
ant Fuller at the office of the partnership in Boston, and were
told that Gaylord was the manager of their business in Wor-
cester. The door of the office in Worcester where the trans-
actions in question were made bore the name of the partnership;
it was shown that the transactions made by each plaintiff at the
office in Worcester were transactions within St. 1890, c. 437,
and there was no evidence that any other kind of transactions
were ever made, or that any other kind of business was carried
on there. We think that that is sufficient.

The defendants' fifth contention in support of their request for
a verdict in their favor is that the evidence discloses no transac-
tions within the meaning of the act. But after the evidence
elicited by the defendants on cross-examination of each plaintiff,
there was no question of this kind in the case. The defendants
asked the plaintiffs on cross-examination whether they intended
any stocks to be bought; had this question been asked on direct
examination, it would not have been competent, *Marks* v. *Met-
ropolitan Stock Exchange*, 181 Mass. 251, but the defendants
chose to ask it, and in answer to that question and further ques-
tions put by the defendants on cross-examination, the plaintiffs
testified that it was understood that no stock should be bought
at all, but that it was a question of making money on the rise
and fall of prices as they should be recorded on the ticker.
Although such evidence would not have been competent if
offered by the plaintiff, when put in by the defendant it is evi-
dence to be considered by the jury, *Damon* v. *Carrol*, 163 Mass.
404, and is evidence that that intention was disclosed at the
time.

2. The fifth and seventh rulings requested by the defendants
were: " Fifth. If the contract was merely to employ Fuller &
Tilton to purchase securities, the plaintiff cannot recover under
the statute of 1890, even though Fuller & Tilton purchased the

securities on a margin or on credit." "Seventh. That the transactions would not be within the condemnation of the statute if the plaintiff ordered the defendants to buy and sell securities, and the defendants as the plaintiff's agents, bought and received, sold and delivered the securities, although it was agreed that the defendants should sell them when so ordered by the plaintiff, and to account to him for the proceeds thereof." In view of the testimony of the plaintiffs on cross-examination, already referred to, these rulings were not called for by the case put in evidence.

The other exceptions have not been argued, and we treat them as waived.

*Exceptions overruled.*