ALBERT H. FARNUM & others *vs.* FRANK H. WHITMAN.

Suffolk.　March 4, 1904. — February 28, 1905.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Wagering Contracts.　Contract*, Validity, Performance and breach.　*Evidence*, Competency.　*Witness*, Cross-examination.

To prove that a contract is void at common law as a wagering contract it is necessary to show that both parties expressly or impliedly understood and agreed to the things which made the contract a wager.

An unexpressed intention of a party to a contract not communicated to the other party in no way can bind or prejudice the party ignorant of it.

In an action for a balance alleged to be due on purchases of wheat made by the plaintiff on orders from the defendant, in which the defence was that the transaction was a wagering contract, the plaintiff testified that he purchased the wheat in Chicago through his agent and tendered to the defendant warehouse receipts representing the wheat which the defendant refused to receive, and further testified that he was a member of the Chicago board of trade at the time of the transaction. He then against the defendant's objection was permitted to testify that in the Chicago board of trade deliveries of wheat were made by means of warehouse receipts and that the grain represented by them remained in the warehouse until delivered for shipment. No question was made that the receipts were sufficient evidence of the ownership of the number of bushels of wheat which they purported to represent. *Held*, that the evidence as to the method of delivery of wheat in the Chicago board of trade was competent on the question of the plaintiff's readiness and willingness to perform the contract, and was not made incompetent by the admission that the receipts were sufficient evidence of ownership.

In an action for a balance alleged to be due on purchases of wheat made by the plaintiff on orders from the defendant, in which the defence is that the trans-

action was a wagering contract, the plaintiff may be allowed to testify, in rebuttal of testimony of the defendant, that there was no agreement between the plaintiff and the defendant that the contract should be settled by the payment of differences.

In the cross-examination of a party to an action, if he has been asked whether he did not make certain statements in his testimony in another action brought against him, and if the cross-examining counsel has read to the witness statements made by him at the trial of the other action and has stated that he is reading from an official stenographic report, the presiding judge may refuse to allow the counsel to state what the report is or the name of the case in which it was made, and may refuse to allow him to ask the witness whether the facts in the two cases are not identical, it being immaterial in what case the statements were made or whether the cases are identical, if the jury understand that the statements were made under oath and related to an issue involved in the case on trial.

CONTRACT for a balance alleged to be due on purchases of wheat made by the plaintiffs on orders from the defendant on January 4 and January 7, 1884. Writ dated September 23, 1884.

At the trial in the Superior Court in October, 1903, before *Hitchcock*, J., the jury returned a verdict for the plaintiffs in the sum of $456.99 with $522.93 of interest, making $979.92. The defendant alleged exceptions, raising the questions stated by the court.

*R. L. Raymond*, for the defendant.

*G. F. Ordway*, for the plaintiffs.

MORTON, J. This is an action of contract to recover the loss alleged to have been sustained by the plaintiffs in purchasing for the defendant pursuant to his orders given in January, 1884, two lots of May wheat of five thousand bushels each. The defence is that the contracts were wagering contracts. The plaintiffs had a verdict and the case is here on exceptions by the defendant to the admission and exclusion of evidence.

1. The defendant offered to show that at the time of entering into the transactions he had no intention of receiving the wheat. He did not offer to show that this was known to the plaintiffs. The evidence was rightly excluded. The transactions were before St. 1890, c. 437, and that statute is not, therefore, applicable, and the question must be determined by the rules of the common law. At common law, in order to render a contract void as a wagering contract, it must appear that both parties understood and agreed, expressly or impliedly, to the things

c

which constituted it as matter of law a wagering contract. This does not rest on grounds peculiar to wagering contracts. The unexpressed or uncommunicated intention of one party to a contract is not binding upon the other party to the contract. In order to be binding the intention must be common to both. See *Marks* v. *Metropolitan Stock Exchange*, 181 Mass. 251; *Allen* v. *Fuller*, 182 Mass. 202; *Harvey* v. *Merrill*, 150 Mass. 1; *Brogden* v. *Metropolitan Railway*, 2 App. Cas. 666, 691, per Lord Blackburn; *White* v. *Corlies*, 46 N. Y. 467.

2. The plaintiff Reardon testified that the defendant's orders were forwarded to Baldwin and Company in Chicago, who were the plaintiffs' correspondents, and that in May the plaintiffs bought ten thousand bushels of wheat through Baldwin and Company, who forwarded to them warehouse receipts for the same, and that the plaintiffs tendered these receipts to the defendant who declined to accept them. No question was made that the receipts were sufficient evidence of the ownership of the number of bushels of wheat which they purported to represent. The plaintiff Reardon testified without objection that he was a member of the Chicago board of trade at the time of the transactions in question, and, subject to the defendant's exceptions, was permitted to testify to the method in the Chicago board of trade of making deliveries in the purchase and sale of wheat and other merchandise, and that such deliveries were made by means of warehouse receipts or certificates which were negotiable in form, and that the grain represented by them remained in the warehouse till delivered for shipment. We think that the evidence was admissible. The defendant's case was that the contract was a wagering contract. The plaintiffs' case was that it was a contract for the sale and delivery of ten thousand bushels of wheat in Chicago in May, and the evidence was competent on the question of their readiness and ability to perform. *Salter* v. *Woollams*, 2 M. & G. 650. Benjamin, Sales, § 679. The statement in the exceptions that no question was made that the warehouse receipts were sufficient evidence of the ownership of the wheat which they purported to represent did not render the evidence incompetent.

3. The plaintiff Reardon was further allowed to testify in rebuttal subject to the defendant's exception that there was no

agreement between the plaintiffs and the defendant that the contract should be settled by the payment of differences. The testimony related directly to the substance of the issue on trial and was clearly competent.

4. It appeared that an action had been brought against the plaintiffs by one Wakefield, and the defendant in the cross-examination of Reardon offered to show that the defence in that case was, that the contract was a wagering contract, that the facts in that case were identical with those in the case on trial, and that Reardon testified in that case that it had been the custom of his office for fourteen years, which would cover the dates of the transactions in the present case, to make none but wagering contracts. The testimony was excluded, but the defendant was allowed to ask Reardon if he had not made certain statements corresponding to those to which the offer related, and in so doing to read to him statements made by him at the trial in that case, and to state that he was reading from an official stenographic report. He was not allowed to state what the report was, nor whether it was a report in the case of *Wakefield* v. *Farnum*, 170 Mass. 422, and the testimony of Reardon did not indicate in any way the occasion on which it was given. Whether the statements were made in the trial of the case of *Wakefield* v. *Farnum* or not, or whether the facts of that case were identical with those in the case on trial, was irrelevant and immaterial. It is plain we think that the jury must have understood that the statements were made under oath in a judicial proceeding where one of the questions involved related to wagering contracts. That was as far, we think, as the defendant had a right to go into the circumstances under which the statements were made.

*Exceptions overruled.*