SAMUEL RAPSON *vs.* GEORGE E. LEIGHTON & another.

Suffolk.    January 9, 1905. — March 1, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence*, Employer's liability.    *Evidence*, Competency.

If, while plasterers are preparing to erect a temporary staging to use in their work, a superintendent interferes and orders them for the purpose of supporting the temporary staging at one end to use a certain ledger board, which obviously is defective and unfit, but which the superintendent fails to inspect or to have inspected, and if the plasterers obeying the superintendent use the ledger board, and later another plasterer who did not assist in erecting the staging is injured by its giving way on account of the breaking of the defective ledger board, there is evidence on which the employer may be found to be liable to the plasterer for the injury caused by the negligence of the superintendent, although the same ledger board has been used for two weeks previous to the accident to support a temporary staging for carpenters and lathers without breaking.

Evidence naturally relevant, which is incompetent by reason of a rule of law, such as a witness's opinion or his conclusion of fact, if it is admitted without objection becomes a part of the case and may be considered by the jury and by this court, and it does not matter that the trial judge has certified that if the evidence had been called to his attention he would have excluded it and that he did not consider it in making his ruling on the case.

TORT by a plasterer against his employer for injuries received on December 26, 1899, from the fall of a staging on which the plaintiff was standing while at work, causing the plaintiff to fall through a hole in the floor upon a pile of brick and rubbish in the cellar of the building in which the work was being done. Writ dated February 17, 1900.

In the Superior Court the case was tried before *Gaskill*, J. The following statement of the case is taken from the opinion of the court:

The plaintiff in this action was engaged by the defendants to work as a plasterer on a building which they had under construction. He was hired at half past eleven on the morning of the day of the accident, and immediately upon being employed was ordered to go upon a staging which was then in position. The staging was some six or seven feet above the level of the floor below and over a long hole, running the length of the building, left in the floor to give light. The staging consisted

of planks, which seem to have been laid on the main staging at one end (there was some conflict on this point but it is not material) and at the other end rested on a ledger board nailed at one end to the side of the building and at the other end to an upright on the other side of the hole in the floor. This ledger board was five or six feet long, six inches wide and one inch thick. After the plaintiff had worked on this staging about an hour and a half the ledger board broke, and the plaintiff was thrown through the hole in the floor upon a pile of bricks and rubbish in the basement, suffering the injuries here complained of.

It appeared from the plaintiff's evidence that this staging had been built by employees of the defendants, and had been used for some two weeks before the accident by carpenters and lathers. On the morning of the day of the accident all the planks which previously had rested on this ledger board were taken away. The preparation of the stagings for the plasterers was left to one Lane and one Silva, both plasterers in the employ of the defendants. On the morning in question Silva was about to knock down the ledger board with a view to covering the hole in the floor with boards and to placing on these boards horses on which he intended to lay one end of the planks which were to constitute the staging for the plasterers, when he was stopped by one Beady or Beattie. Beady (for convenience he will be called Beady although he was called by both names by the plaintiff's witnesses) could have been found to be a superintendent in charge of the whole work of construction.

Lane testified that Beady " told Mr. Silva he didn't think it was necessary to knock it down. He said other men had worked on it, and he didn't see why it wasn't good enough for us; if it was taken down, it would cause us considerable trouble to floor the place over and rig it with our staging." Silva testified that Beady said: " You cannot take that down (meaning the ledger board). I want to use it. My men have worked on it; the lathers have worked on it; why isn't it fit for one or two plasterers to work on it? " Silva further testified that the reason he did not take down the ledger board was this order of Beady's. It appeared that Lane and Silva then placed planks, as already stated, resting at one end on the main staging and at the other end on the ledger board. Silva further testi-

fied that he examined the ledger board after the accident and found a knot in it about an inch and a half square; that the ledger board "broke right on the knot"; and that "The knot was the cause of the ledger to break." This was the last answer of Silva on his direct examination.

On this evidence the presiding judge directed the jury to return a verdict for the defendants, and the case is here on an exception to that ruling. The certificate of the presiding judge allowing the bill of exceptions is in these words: "Allowed, subject to following statement: The answer contained in last sentence of witness Silva's direct examination was not called to my attention at the time of trial, or before I ordered verdict, and not until the allowance of exceptions. If it had been called to my attention at the time of trial, I should have excluded it as not responsive and not competent, the witness not being an expert."

*S. A. Fuller*, for the plaintiff.

*J. Lowell & J. A. Lowell*, for the defendants.

LORING, J. [After the foregoing statement of the case.] We are of opinion that this exception must be sustained.

An employer can leave to his employees the erection of stagings which are used temporarily in the course of work. If he elects to do so and furnishes them with proper materials, and is not negligent in the selection of his employees, he is not liable. *Thompson* v. *Worcester*, 184 Mass. 354. But in the case at bar Beady, who could be found to be a superintendent, interfered and directed the employees to use the ledger board, without inspecting it to see if it was safe. This could be found to have been an act of superintendence and so within *Murphy* v. *New York, New Haven, & Hartford Railroad*, ante, 18, and not within *Shea* v. *Wellington*, 163 Mass. 364, and *Whittaker* v. *Bent*, 167 Mass. 588.

If the act could have been found to be a negligent act the defendants are liable. To direct an employee to use a ledger board which is in fact obviously defective and unfit, without inspecting it or having it inspected to see if it is fit, is as much an act of negligence as to inspect it without discovering the defect. What raises a doubt in the case at bar is that the plaintiff's witnesses testified that the ledger board which broke had

been in use for two weeks to support a staging used by carpenters and lathers which consisted of some boards or planks which Lane testified " We stripped and substituted our planks for them " on the morning of the accident in question. Why the ledger board broke under the use it was put to by the plasterers after standing two weeks' use by carpenters and lathers does not appear. Neither does it appear whether the boards which were stripped off were lighter than those put on, or whether more weight was on the staging when it was used by the plasterers. We do not think that the two weeks' previous use without breaking was sufficient under this state of the evidence to control what was or might be found to be otherwise an act of negligence.

The certificate of the presiding judge as to the last answer of the witness Silva does not take that testimony out of the case. Incompetent evidence admitted without objection becomes evidence. *Damon* v. *Carrol*, 163 Mass. 404. *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93. *Allen* v. *Fuller*, 182 Mass. 202. *Brightman* v. *Buffington*, 184 Mass. 401. The ruling must stand on the evidence as it stood when the ruling was made. It is of no consequence that the judge now certifies that if a certain piece of evidence had been called to his attention he would have excluded it, nor that he did not have that piece of evidence in mind when he made his ruling.

But this is not of consequence. Lane testified that " the ledger board broke right on the knot," and the jury were warranted in finding that the knot was the cause of the ledger board's breaking.

*Exceptions sustained.*