EDWARD J. VICKERY *vs.* JOHN RITCHIE, JR.

Suffolk.     November 11, 1910. — January 4, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Contract.    Payment.    Bills and Notes.    Damages.*

*Vickery* v. *Ritchie*, 202 Mass. 247, affirmed.

In an action by a builder against a landowner for the value of labor and materials furnished by the plaintiff in the construction of a building on the defendant's land at his request, it appeared that the plaintiff and the defendant, being deceived by a fraudulent architect, supposed until the building was completed that they had made a contract for its construction, that the architect fraudulently had procured and delivered to the plaintiff and to the defendant what purported

to be duplicate originals of a contract for the construction of the building, that in the instrument held by the plaintiff the price was stated to be $33,000 and in that held by the defendant it was stated to be $23,000, that thereafter the architect volunteered to give and gave to the plaintiff certain promissory notes, signed by the architect, on account of sums apparently due under the instrument held by the plaintiff which stated the larger price, at a time when nothing was due under the terms of the instrument held by the defendant which stated the smaller price, that all the dealings of the parties pertaining to the contract were through the architect and that the plaintiff and the defendant never met, that when the notes were received by the plaintiff from the architect the plaintiff supposed that they were to be applied in part payment of the price named in the instrument held by him, but that afterwards by direction of the architect he applied the notes upon a contract between him and a third person, which was in charge of the architect and on which the plaintiff was entitled to payments, that the architect had no authority from the defendant to make these payments, and that the defendant had no knowledge of the giving of the notes until after they had been applied by direction of the architect upon the contract with the third person. There was no evidence that the defendant ever ratified the giving of the notes as payments made in his behalf, and on the contrary it appeared that the defendant repudiated all liability, at any time, for any sum beyond the amounts paid by himself. The defendant asked for instructions to the jury that he should be credited with the amount of the notes, and that, the notes having once been applied as payments upon a contract purporting to have been made in his behalf, their application could not be changed. The presiding judge refused to give such instructions, and, having stated that the receipt of a note upon a debt was *prima facie* to be deemed a payment, he left it for the jury to say whether the ordinary presumption in the case of a payment by one who ought to pay was overcome by the facts in this case. *Held*, that the rulings of the judge were sufficiently favorable to the defendant.

In an action by a builder against a landowner for the value of labor and materials furnished by the plaintiff in the construction of a building on the defendant's land at his request, it appeared that the plaintiff and the defendant, being deceived by a fraudulent architect, supposed until the building was completed that they had made a contract for its construction, that the architect fraudulently had procured and delivered to the plaintiff and to the defendant what purported to be duplicate originals of a contract for the construction of the building, that in the instrument held by the plaintiff the price was stated to be $33,000 and in that held by the defendant it was stated to be $23,000. The defendant asked for a ruling that the defendant was " entitled to a credit of $1,600 for late completion," founding this claim upon a provision of the supposed contract that the plaintiff should pay $10 a day for all time after the date at which the contract was to be completed until it was in fact completed. *Held*, that there was no foundation for the defendant's claim of this credit, as no contract containing the provision relied upon ever took effect between the parties, and that the only question to be determined was the value of the labor and materials furnished by the plaintiff at the time when and the place where they passed to the ownership of the defendant.

CONTRACT for a balance of $10,467.16 alleged to be due for the erection of a Turkish bath house upon land of the defendant

on Carver Street in Boston, with a count upon an alleged contract in writing and another count upon an account annexed. Writ dated January 9, 1904.

In the Superior Court the case first was tried before *Pierce,* J., who at the close of the plaintiff's evidence ordered a verdict for the defendant. The plaintiff alleged exceptions, which were sustained by this court in a decision, reported in 202 Mass. 247, holding that there was no express contract between the parties because their minds never met, but that the plaintiff was entitled to recover upon a *quantum meruit* the fair value of the labor and materials which he had furnished to the defendant at his request.

There was a new trial of the case before *Hardy,* J. The important facts which appeared by the evidence are stated briefly in the opinion, and are stated more fully in the report of the case at its previous stage above referred to. At the close of the evidence the defendant asked for eleven instructions to the jury relating to the four subjects, which, as classified in the defendant's brief, are stated in the opinion.

Among the instructions requested by the defendant and refused by the judge were the following, which are referred to in the opinion:

" 3. If notes are received and properly applied in satisfaction of a debt, the application of them cannot be subsequently changed so as to revive the debt without the assent of the debtor, either express or implied, given by himself or some one authorized to represent him.

" 4. If the plaintiff received from Dwight [the fraudulent architect mentioned in the opinion] notes which have been paid, and applied these properly to the amount due from the defendant, this application could not subsequently be changed without the assent, express or implied, of the defendant or some one authorized to represent him.

" 5. The notes amounting to $3,000 received by the plaintiff and applied to the defendant's account amounted to a payment to that extent even if Dwight subsequently directed that they be applied to some other account, provided this direction was given without the authority or consent of the defendant."

" 8. The $3,000 in notes became a payment to that extent on account of this job.

" 9. The three notes of $500 each became a payment of $1,500 on account of this job.

" 10. The defendant is entitled to a credit of at least $1,600 for late completion."

The judge submitted the case to the jury with instructions, of which such parts as are necessary to understand the questions raised by the exceptions are quoted or described in the opinion. The jury returned a verdict for the plaintiff in the sum of $11,431.55; and the defendant alleged exceptions.

*E. F. McClennen*, for the defendant.

*R. W. Light*, for the plaintiff.

KNOWLTON, C. J.    This case was before this court after its first trial, and was reported in 202 Mass. 247, where the principal facts are stated.    It is now presented on the defendant's exceptions, which, as he says in his brief, relate to four subjects, namely: " First, the right of the plaintiff to recover; second, the right of the defendant to a credit of $3,000, the amount of certain notes given in payment and subsequently paid; third, the right of the defendant to a credit of $1,500 for certain other notes given in payment and subsequently dishonored; fourth, the right of the defendant to a credit of $1,600 as liquidated damages for the delay from March 6, 1903, to August 13, 1903, at $10 a day."

The right of the plaintiff to recover upon the facts found by the jury was established, upon full consideration, by our former decision, and the defendant's requests for instructions on this part of the case were rightly refused.

The various requests upon the second and third subjects to which the defendant's argument was addressed were rightly refused.

The evidence to which the requests related was that the architect fraudulently delivered to the owner and contractor what purported to be duplicate contracts signed by the parties, for the construction of a bath house, in which the price to be paid was stated as $33,721 in the copy delivered to the contractor, and as $23,200 in the copy delivered to the owner, and afterwards volunteered to give the contractor certain notes, signed by himself,

on account of sums apparently due under the contract held by him which stated the larger price, at a time when there was nothing due according to the terms of the contract held by the owner which stated the smaller price. All the dealings of the parties pertaining to the contract, from first to last, until the building was substantially completed, were through the architect. The plaintiff and the defendant never met. When these notes were received by the plaintiff from the architect the plaintiff supposed that they were to be applied in part payment of the price stated in his contract. Upon all the evidence the architect had no authority to make these payments or any of them for the defendant, and the defendant had no knowledge of them until long afterwards, when they had been applied by direction of the architect upon a contract with one Richardson, in his charge, on which the plaintiff was entitled to receive payments. There is no evidence that the defendant ever ratified the giving of these notes by the architect for the purposes for which they were given; but on the contrary, he repudiated all liability, at any time, for any sum beyond the amounts paid by himself. Upon this evidence the judge correctly stated the law, that the receipt of a note upon a debt is *prima facie* to be deemed a payment; but he left it to the jury to say whether the ordinary presumption in the case of a payment by one who ought to pay was overcome by the facts in this case, where the notes were given by a volunteer, whose acts in this particular could have no effect upon the rights of the defendant, and were received by one who supposed they were to be applied on an express contract to pay him $33,721, when in fact there was no such contract. Under these circumstances, the jury were not bound to find that the notes were to be taken as a payment upon the account upon a *quantum meruit* for labor and materials. The judge could not give the last part of the second request, that there was "no evidence tending to control this presumption in the present case." The third and fourth requests were not applicable to the case of a payment by a volunteer without knowledge of the defendant, and to a second application made before the debtor had any knowledge of the payment.

The fifth, eighth and ninth requests on this subject called for an erroneous statement of the law. The judge told the jury that

they had a "right to consider what were the further relations between Dwight and the plaintiff as to the change of the notes, that is, applying them on another account," and said he ruled against the defendant on the proposition maintained by him that, "as long as there was some application of these notes to the payment of his account, they could not afterwards change the application to the Richardson account." Upon the evidence, this ruling and the submission of these questions to the jury were sufficiently favorable to the defendant.

The next subject to which the defendant's argument relates arises under the tenth request for a ruling, that "the defendant is entitled to a credit of at least $1,600 for late completion." This is founded upon a provision in the supposed contract that the plaintiff should pay $10 per day for all time after the date at which the contract was to be completed until it was in fact completed. This contract never took effect between the parties, and there was no foundation for the defendant's claim of this credit. The real question was what was the value of the labor and materials furnished by the plaintiff at the time and place when and where they passed to the ownership of the defendant. The instruction to the jury that they should allow to the defendant $10 for each day of unreasonable delay of the plaintiff, if they found that there had been unreasonable delay and no waiver on the part of the defendant, was too favorable to him.

*Exceptions overruled.*