YRJO LONNQVIST & another *vs.* FRANK LAMMI.

Worcester.    November 7, 1921. — February 28, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Contract,* Implied.

A workman who, at the request and under directions of the owner of a building, changed from time to time, furnishes labor and materials for renovating the building without an express contract being made between them, may recover the value of such labor and materials although both he and the owner mistakenly

thought that a binding express contract to perform the work and furnish the materials at a price had been made between them, there having been no meeting of minds because the owner understood that the price was a definite sum and the workman understood that the agreement was for a certain price per hour for labor and the price of the materials furnished.

CONTRACT upon an account annexed for $547.30 for labor and materials. Writ in the Police Court of Fitchburg dated October 18, 1920.

On appeal to the Superior Court, the action was referred to an auditor. Material findings by the auditor are described in the opinion. The action was heard by *Hall,* J., without a jury, the auditor's report being the only evidence before him. The judge found for the plaintiff in the sum of $12.60 upon items for materials furnished after the plaintiffs had ceased their work for the defendant; and reported the action to this court for determination according to an agreement by the parties substantially as follows: If the judge's finding was right, judgment was to be entered for the plaintiffs on the finding for $12.60. If, as a matter of law on the pleadings and evidence, the plaintiffs were entitled to recover for materials, found by the auditor to amount to $238.56, judgment was to be entered for the plaintiffs in such sum with interest from the date of the writ, amounting in the aggregate to $250.46. If, as a matter of law on the pleadings and evidence, the plaintiffs were entitled to recover for labor and materials, found by the auditor in the sum of $477.29, together with interest, from the date of the writ, amounting in the aggregate to $501.15, then judgment was to be entered for the plaintiffs for that amount.

The case was submitted on briefs.

*J. G. Annala,* for the plaintiffs.

*F. A. Anderson & J. A. Anderson,* for the defendant.

CARROLL, J. This action is to recover for labor performed and materials furnished by the plaintiffs upon a building owned by the defendant. The case was tried in the Superior Court, the only evidence being the report of the auditor. He found that the plaintiff Lonnqvist told the defendant it would cost about $600 to paint and paper and otherwise renovate the interior of the defendant's building, but "did not promise to do it for that sum as an exact price." It was the contention of the plaintiffs that they were to be paid for the materials used and $1 an

hour for the labor performed. The defendant understood that all the work and materials were to be supplied for the sum of $600, and contended that only one half of the work specified was performed, and that it was of little value. The auditor also found that there was no agreement as to the time or terms of payments; that both the plaintiffs and the defendant agreed that the painting was to be done with one coat and with low priced materials, and that low priced wall paper was to be used in the papering; that later, at the request of the defendant, higher priced wall papers and painting materials were substituted, more than one coat was used in the painting, oak finish was supplied in place of ordinary painting in some of the kitchens, and "wall board" was used in certain places.

In the Superior Court a finding for the plaintiffs in the sum of $12.60 was made, this being the sum owed them for materials furnished the defendant, after they had ceased to labor on the building, and interest; and the case was reported to this court on the stipulation that "If, as a matter of law on the pleadings and evidence, the plaintiffs are entitled to recover for labor and materials found by the auditor in the sum of $477.29 together with interest from the date of the writ, amounting in the aggregate to $501.15 then judgment is to be entered for the plaintiffs for that amount."

The auditor's report shows that the minds of the parties never met; and there was no agreement between them that the plaintiffs should perform all the work and furnish all the materials for the sum of $600, as contended by the defendant, or that the entire work should be done for $1 per hour for the labor supplied and the price of materials; and no agreement was made as to the terms of payment. It is elementary in the law of contracts that the assent to the terms of an agreement must be mutual, and an obligation does not arise where the terms of the contract are not agreed to. *Speirs* v. *Union Drop Forge Co.*, 180 Mass. 87, 93, 94. *Montgomery Ward & Co.* v. *Johnson*, 209 Mass. 89. The plaintiffs entered upon the work for which they supposed they were to be paid a certain price and the defendant supposed they were to be paid a different price; and no contract existed binding the plaintiffs to complete the work at either price. The understanding or unexpressed intention of one party is not binding on the

other party to the contract. The intention or understanding must be mutual to create a legal obligation. *Farnum* v. *Whitman,* 187 Mass. 381, 383. As expressed by Knowlton, C. J., in *Vickery* v. *Ritchie,* 202 Mass. 247, at page 249: "The plaintiff and the defendant were mistaken in supposing that they had made a binding contract. . . . Their minds never met in any agreement about the price. The labor and materials were furnished at the defendant's request and for the defendant's benefit. From this alone the law would imply a contract on the part of the defendant to pay for them. The fact that the parties supposed the price was fixed by a contract, when in fact there was no contract, does not prevent this implication, but leaves it as a natural result of their relations. Both parties understood and agreed that the work should be paid for, and both parties thought that they had agreed upon the price. Their mutual mistake in this particular left them with no express contract by which their rights and liabilities could be determined. The law implies an obligation to pay for what has been done and furnished under such circumstances, and the defendant, upon whose property the work was done, has no right to say that it is not to be paid for."

The plaintiffs have performed labor and furnished materials on the defendant's building. They were both in error in supposing they had made a binding contract; but the work having been performed at the defendant's request, the law implies a contract on his part to pay the plaintiffs. It follows from this that as matter of law the plaintiffs are entitled to recover for their labor and materials to the amount found by the auditor.

As there was no express contract between the parties we need not consider the effect of the subsequent changes in the character of the work performed and the materials furnished at the defendant's request. *Sherman* v. *Buffinton,* 228 Mass. 139, 140.

The plaintiffs' declaration is in one count, on an account annexed for the value of the materials and labor. Under this declaration the plaintiffs could recover for the work done and materials furnished. *Lowe* v. *Pimental,* 115 Mass. 44, 48.

According to the terms of the report judgment is to be entered for the plaintiffs in the sum of $501.15.

*So ordered.*