JAMES H. MURPHY *vs.* BYRON R. MITCHELL.

Suffolk.    October 20, 1925. — November 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Contract,* Building contract, What constitutes, Implied.

The owner of a building and a contracting builder had negotiations relating to remodelling the building which they thought resulted in a contract for work to be done according to plans and specifications. The builder did the work and brought an action of contract against the owner for work and materials, which was referred to an auditor with a stipulation that his findings of fact should be final. The auditor found that there was never any express or formal contract entered into between the parties, "that their minds never met, as each had in mind something different from the other," and that the plaintiff admitted that, when the job could be "skinned" to save expense, that was done. He also found for the plaintiff for the value of the work done and materials furnished, having given credit for a sum already paid, and having made a certain allowance. *Held,* that

(1) Since there was no express contract, which the plaintiff could intentionally disregard, respecting the manner in which the work was to be performed the fact that he intentionally disregarded the plans and specifications under which he worked did not prevent his recovery;

(2) The law implied a contract by the defendant to pay for the work and materials, and the plaintiff might recover on a *quantum meruit.*

CONTRACT for work and materials performed and furnished in the alteration of a building numbered 353 Columbus Avenue in Boston. Writ in the Municipal Court of the City of Boston dated January 19, 1924.

Upon removal to the Superior Court, the action was referred to an auditor under an agreement that his findings of fact should be final. Material findings by the auditor are described in the opinion. Upon the filing of his report, there was a hearing before *Qua,* J. Material findings and rulings by the judge, and his action relating to the amendment to the declaration, are described in the opinion. The defendant alleged exceptions to rulings upon the auditor's report and appealed from the orders as to the amendment to the declaration.

*G. R. Farnum,* for the defendant.

*R. J. Cram,* for the plaintiff.

CROSBY, J.  This is an action to recover an alleged balance of $2,649.17, for labor performed and materials furnished in the alteration of a certain building belonging to the defendant in the city of Boston.  The case was referred to an auditor under a stipulation and rule that his findings of fact should be final.  The case was tried before the auditor on a substituted declaration consisting of two counts, the first on an account annexed, and the second on a special contract under which it is alleged the labor was performed and the materials were furnished.

It appears from the auditor's report that, on April 10, 1923, by written contract the plaintiff agreed to remodel and reconstruct a certain building belonging to the defendant in accordance with plans and specifications to be furnished by the latter, for which the defendant was to pay the sum of $4,000. · The report recites: the plaintiff testified that certain plans and specifications, previously used in the remodelling of another building of the defendant, were furnished to him; that the building department of the city refused to issue a permit on these plans and specifications, and stated that a new set would have to be filed before a permit could be issued; that the plaintiff made new plans, but they were not satisfactory to the department and a permit was refused; that the defendant was notified by the plaintiff of such refusal; that the plaintiff suggested to the defendant that one Smith, an architect, be employed, to which the defendant agreed; that Smith prepared new plans and specifications, which were approved by the department, and that they governed the contract and were constantly on the work.

It is further recited in the report: the defendant testified that he gave the old plans and specifications to the plaintiff who said he would do the work for $4,000 if he (the plaintiff) could furnish the plans; that the defendant accepted the offer; that the first time he ever saw the plans drawn by Smith was in October, when the work was completed; and that he had never seen the specifications prepared by Smith, but assumed all the time that the old plans and specifications

previously used in the reconstruction of another building and given by him to the plaintiff governed the work; and that it was a week or ten days before the contract was signed when the plaintiff told him he would have to get new plans drawn by an architect.

Upon the foregoing and other testimony the auditor finds that there was never any express or formal contract entered into between the parties, "that their minds never met, as each had in mind something different from the other." He also found that the defendant admitted he did not furnish plans by which the work was to be done, although the contract signed by the parties so provides; that the plaintiff admitted that when the job could be "skinned" to save expense, it was done. This admission the auditor interprets as meaning "that where a corner could be turned, or specifications 'got by,' the inspector permitting, that this was done." The auditor further found that the defendant was on the job frequently enough to acquaint himself with the character and progress of the work, and admitted assenting to the failure to encase in cement the Lally columns which the inspector passed.

The ultimate finding of the auditor was that the total claim of the plaintiff, according to his account annexed, amounted to $6,297.96; that he had been paid $3,648.79; and that a further deduction of $884.70 should be made, leaving a balance of $1,764.47, which the plaintiff was entitled to recover on an implied contract as the value of his labor and materials furnished. The evidence before the auditor is not reported and we are unable to say that his finding is unwarranted.

After the filing of the report, the case was heard by a judge of the Superior Court who ruled that the plaintiff could not recover on the pleadings, but as the case was fully covered by the auditor's report he might amend his declaration by adding a count upon a *quantum meruit;* and that upon the filing of such an amendment, the plaintiff's motion for the entry of judgment on the report should be allowed. The amendment having been filed and allowed, judgment was entered as ordered. The defendant appealed from the

order allowing the amendment to the declaration, and from the order for judgment, and excepted to the refusal of the court to grant his requests and to the order for judgment on the report.

The facts found by the auditor, including the fact that there was no express contract between the parties, and that the fair cash value of the labor and materials furnished under an implied contract was the sum found, must stand, as the rule provided that such findings should be final.

The contention of the defendant that he is not liable for the labor performed and materials furnished because the plaintiff intentionally disregarded the plans and specifications cannot be sustained; the auditor has found that the parties never mutually agreed either upon the original plans and specifications or those prepared by Smith. In these circumstances the work was performed without any plans or specifications whatever. The plaintiff and the defendant were mutually mistaken in supposing that they had made a binding contract. Their minds never met in any agreement respecting the details of the alterations to be made. The labor and materials were furnished at the defendant's request and for his benefit. It is plain from the findings that the law implies a contract on the part of the defendant to pay for the value of the labor and materials. The fact that the parties mistakenly supposed that the work was performed in accordance with plans and specifications does not prevent this implication. Both parties understood the work was to be paid for. Their mutual mistake left them with no plans or specifications under which the work was to be performed or by which their respective rights and liabilities could be determined. It was said by Chief Justice Knowlton in *Vickery* v. *Ritchie*, 202 Mass. 247, at page 249: "The law implies an obligation to pay for what has been done and furnished under such circumstances, and the defendant, upon whose property the work was done, has no right to say that it is not to be paid for." See also *Vickery* v. *Ritchie*, 207 Mass. 318. *Lonnqvist* v. *Lammi*, 240 Mass. 371.

The court rightly ruled that, in view of the facts found by the auditor, the law as stated in *Smedley* v. *Walden*, 246

Mass. 393, was not applicable, as there was no express contract respecting the manner in which the work was to be performed. If the plaintiff to save expense used cheaper materials than he should have in certain parts of the work, which could not have been allowed if forbidden by specifications, he is not precluded from recovery for the value of the work done, especially as it is found that the defendant was "on the job frequently enough to acquaint himself with . . . [its] character and progress."

We perceive no inconsistency in the findings of fact made by the auditor. It is plain from what has been said that the defendant's requests for rulings could not properly have been given.

*Exceptions overruled.*
*Orders appealed from affirmed.*