MCMAHAN SEED COMPANY *v.* BERNDT ET AL.

[No. 17,585. Filed April 25, 1947.]

*Henry L. Humrichouser,* of South Bend, for appellant.

*George W. Douglass,* and *James J. McGarvey,* both of Valparaiso, and *Charles Lunden,* of Knox, for appellees.

DRAPER, J.—On April 6, 1946, Bert Berndt was injured and died under circumstances obligating his employer, the appellant company, to pay compensation. Surviving, and wholly dependent upon him, were his widow and one son by a previous marriage, who was

neither mentally nor physically incapacitated, and who became 18 years of age on May 5, 1946.

Compensation was awarded at the rate of $20.075 per week, payable in equal shares to the widow and son, and it was ordered that when the son reached his 18th birthday, compensation at the rate of $20.075 per week should be paid to the widow during her dependency or until terminated in accordance with the provisions of the Act (§ 40-1201, *et seq.*, Burns' 1940 Replacement.)

Appellant contends that, under the Act, there can be no redistribution of benefits following the termination of the dependency of one of the dependents. Its position is that the amendment of § 37 by the Act of 1945 changes the amount of recovery to be divided by a class, to a specific recovery to be granted as per the laws of descent of the State of Indiana, and consequently there can be no redistribution upon the ending of the dependency of one dependent, and his compensation must consequently lapse.

The appellees first point to serious omissions in the appellant's brief. However, the question raised is an important one which should be settled, and we shall consider appellant's brief to show a good faith effort to comply with the rules.

Prior to April 1, 1945, death benefits were required by §§ 37 and 38 of the Act (§§ 40-1402 and 40-1403, Burns' 1940 Replacement), to be divided equally among those wholly dependent upon the deceased workman.

In 1945, § 37 was amended to provide that death benefits should be paid "to the dependents of said deceased in the proportion as provided by the law of descent of the state of Indiana as to those wholly dependent upon him for support at the time of his death." [§ 40-1402, Burns' 1945 (Supp.)]. Section 38 was left unchanged.

We held in *In re Marshall* (1947), ante, p. 203, 70 N. E. (2d) 772, that § 38 and § 37, as amended in 1945 could stand together; that when an employee dies leaving those wholly dependent upon him, none of whom are entitled to take under the laws of descent, they share equally and immediately under § 38, but if he dies leaving those wholly dependent upon him, some or all of whom are entitled to take under the laws of descent, § 37 governs, and those so entitled will share to the exclusion of others, in the proportion provided by the laws of descent.

Under the law as originally written, the class to be benefited was the employee's dependents. That has not been changed by the amendment of § 37. Dependents, as a class, are still the beneficiaries, but a priority of right is now given to total dependents who are entitled to take under the law of descent.

Having determined that the 1945 amendment of § 37 does not create a new class of beneficiaries, but only fixes priority of right and the proportionate amount to be received by those having a priority, the case of *Smith, Gdn.* v. *State Highway Comm.* (1922), 78 Ind. App. 301, 134 N. E. 255, is decisive. We there said the measure of the employer's liability is not affected by a reduction in the number of those wholly dependent; that the termination of the dependency of one wholly dependent does not relieve the employer to the extent of one share; and that the full amount of the death benefit must be paid to the end of the maximum compensation period if any one of the class to be benefited be alive, unless the dependency of all the members of the class be sooner terminated in the manner provided by law.

There is no error in the award, and it is therefore affirmed with 5% penalty.

NOTE.—Reported in 72 N. E. (2d) 575.