DANIEL S. BURNHAM *vs.* HAROLD W. WINDRAM.

SAME *vs.* SAME.

Suffolk.    March 25, 1895. — September 21, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Promissory Note — Collateral Security — Unperformed Agreement — Instructions — Taking Judgment in two Actions with one Satisfaction of Debt.*

A. signed two promissory notes to the order of B. of the same date, payable thirty days thereafter, one for five hundred and fifty and the other for three hundred and fifty dollars, and a third note identical with the others except that it was for nine hundred dollars and contained a provision that A. had deposited therewith as collateral security certain shares of stock with authority on the part of B. to sell the same on non-performance of the promise. On the same date B. signed a paper acknowledging receipt of the first two notes, and "as collateral security for payment of same" the last note with the shares," and I agree, upon payment

of the first two mentioned notes, to deliver to him the last described note and the shares." Nothing having been paid by A. on or after maturity of the notes, B. brought action on the first two notes and a second action on the third note, and the judge instructed the jury to return a verdict in each action for the amount of the notes and interest, not to exceed the *ad damnum* of the writ in either case; and they returned a verdict in each action for one thousand dollars, the amount of the *ad damnum* of the writ. *Held*, that, the condition in the agreement not having been performed, the agreement did not constitute a defence, that the fact that the last note was described in the agreement as. collateral to the other two notes was immaterial, and that, while B. could have but one satisfaction of his debt, there was no objection to his taking judgment in both actions.

Two ACTIONS OF CONTRACT, upon three promissory notes. In the Superior Court the actions were tried together, before *Sheldon*, J., who allowed a bill of exceptions, in substance as follows.

The first action was on two promissory notes signed by the defendant, each dated October 24, 1892, and payable thirty days after date to the order of the plaintiff, the first being for $550, and the second for $350. The second action was on the following promissory note signed by the defendant:

" $900.00. Boston, Oct. 24, 1892. Thirty days after date, for value received, I promise to pay to D. S. Burnham, or order, nine hundred dollars, and interest at the rate of six per centum per annum for such further time as said principal sum or any part shall remain unpaid, I having deposited with this obligation, as collateral security, five hundred shares of the capital stock of the Boston Woven Cordage Company, with authority to sell the same without notice, either at public or private sale or otherwise, at the option of the holder or holders hereof, on the non-performance of this promise, he or they giving me credit for any balance of the net proceeds of such sale remaining after paying all sums due from me to the said holder or holders, or to his or their orders. And it is further agreed, that the holder or holders hereof may purchase at said sale."

The following paper signed by the plaintiff was introduced in evidence:

" Boston, Oct. 24, 1892. Received of Harold W. Windram his two notes, this day, payable in thirty days, one for $350.00 and one for $550.00, and, as collateral security for payment of same, his note for $900.00, on thirty days, with five hundred

shares of the capital stock of the Boston Woven Cordage Company, and I agree, upon payment of the first two mentioned notes, to deliver to him the last described note and the shares of the Boston Woven Cordage Company."

The plaintiff testified that on the day of their date the notes were delivered to him, with the certificate for five hundred shares of stock of the Boston Woven Cordage Company, and in return therefor, at the same time, he gave to the defendant three hundred and fifty dollars in money, surrendered a note for five hundred and fifty dollars, then overdue, (which note was made by the defendant, and indorsed by one Nutter,) and signed and delivered the paper above mentioned. The plaintiff also testified that nothing had been paid on the note, that he had not been able to sell the stock or any part thereof, although he had offered the same for sale at public auction under the terms of the note upon which the second action was brought, and that he still held the original certificate delivered to him as aforesaid, and that the stock was now worthless.

The defendant requested the judge to rule:

"1. That the notes and the paper should be construed together, and, being so construed, showed that the defendant owed the plaintiff only the amount of the two first notes, with interest from the date of maturity thereof; on payment of which the plaintiff was bound to return the third note, and the shares of stock of the Boston Woven Cordage Company. 2. That upon the foregoing evidence the defendant owed the plaintiff only nine hundred dollars, the amount of the two first notes, with interest from the date of maturity thereof. 3. That, upon the evidence, the jury should find for the plaintiff in the first action for the amount of the two first notes, and interest as aforesaid, and should find a verdict for the defendant in the second action."

The judge declined so to rule, and ruled that the plaintiff, on the evidence, was entitled to a verdict in both actions, and instructed the jury to find a verdict in each action for the amount of the notes declared on therein, and interest, not to exceed the *ad damnum* of the writ in either case.

The jury returned a verdict for the plaintiff in the first action for one thousand dollars, which was the amount of the

*ad damnum* of the writ therein, and a verdict in the second action for one thousand dollars, which was also the amount of the *ad damnum* of the writ therein ; and the defendant alleged exceptions.

*W. O. Kyle,* for the defendant.

*C. R. Elder,* for the plaintiff.

MORTON, J. Upon their face, the three notes constitute separate and distinct causes of action. The plaintiff is the *bona fide* holder for value of all of them. There can be no question of his right to recover upon the two notes in the first suit. Neither could there be as to the one in the second suit if it were not for the agreement. The condition in the agreement which would have entitled the defendant to a return of the notes and of the stock has not been performed, and the agreement does not, therefore, constitute a defence. The fact that the note in the last suit is described in the agreement as collateral to the other two notes is immaterial. *Vanuxem* v. *Burr,* 151 Mass. 386, 389, and cases cited. *Costelo* v. *Crowell,* 134 Mass. 280. *Miller's River National Bank* v. *Jefferson,* 138 Mass. 111. *Royal Bank of Liverpool* v. *Grand Junction Railroad,* 100 Mass. 444. Of course the plaintiff can have but one satisfaction of the debt due him, but we see no valid objection to his taking judgment in both actions. *Savage* v. *Stevens,* 128 Mass. 254. We discover no error in the rulings or refusals to rule.

*Exceptions overruled.*