CHARLES Y. WADSWORTH *vs.* PAUL J. RICHENBURG & another.

PAUL J. RICHENBURG *vs.* CHARLES Y. WADSWORTH & others.

Suffolk.    February 9, 1939. — July 7, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Equity Pleading and Practice,* Master: exceptions to report, report of evidence, findings. *Bills and Notes,* Defences. *Contract,* Performance and breach.

A fragment of testimony reported by a master to give the background of a question of law furnished no basis for an exception to the report based on a contention that a finding of fact should have been made contrary to one reported.

It was no defence to a suit upon a note made by one who also had guaranteed to the payee the payment of further obligations, that a provision of a contract with the payee and another was that certain debts should be collected through a particular attorney and credited upon the debt guaranteed but that a different attorney was used.

TWO BILLS IN EQUITY, filed in the Superior Court on June 30 and August 21, 1936, respectively.

The suits were heard together by *Donnelly,* J.

*A. G. Sleeper,* (*C. H. Shienfeld* with him,) for Richenburg and another.

*F. Adams,* (*E. G. Kraetzer, Jr.,* with him,) for Wadsworth.

LUMMUS, J.   On December 30, 1935, a Massachusetts corporation in which Richenburg was interested turned over its accounts receivable to a new Massachusetts corporation called The Ebling Distributing Company, Inc.   He guaranteed to a New York corporation called The Ebling Brewing Co., Inc., apparently the principal in the transaction, the payment of certain accounts payable of the distributing company.   On June 15, 1936, he entered into a written contract with the distributing company and the brewing company, by which he acknowledged that he owed the brewing company $41,430.65 on his guaranty.   He had given the

brewing company his demand note for $18,148.79, and the contract provided that when the note should be paid the amount paid should be credited against the indebtedness of $41,430.65. The distributing company by the contract undertook to use due diligence in collecting the accounts receivable of $36,468.57, and to apply all but $9,255.97 of the net sum collected as a credit against Richenburg's indebtedness of $41,430.65.

On June 30, 1936, the note having been assigned after demand to Wadsworth who did not claim to be a holder in due course free from equities, Wadsworth brought a bill under G. L. (Ter. Ed.) c. 214, § 3 (8), against Richenburg and a corporation in which he had shares, to reach the shares and apply them to his indebtedness upon the note. On August 21, 1936, Richenburg brought a bill to restrain the collection of the note. Both suits were referred to a master. The only substantial question is the amount now due on the note.

Wadsworth conceded that Richenburg owed only $15,-959.63. The master allowed Richenburg a credit of $144.59 more, for the Massachusetts unemployment tax for the period from January 1 to June 4, 1936, which had been wrongly paid out of the receivables collected. A credit of $3,206.53 claimed by Richenburg for empty cases returned by customers and credited to them, thus apparently reducing the amount of the accounts payable which Richenburg guaranteed, was reported by the master as involving a question of the construction of the contract, but was rightly disallowed by the judge on the ground that the same credit had already been allowed Richenburg in the schedule attached to the contract. After the master had filed his report, it was agreed that Richenburg was entitled to another credit of $509.09. Accordingly, after overruling the exceptions to the master's report and confirming the report, the judge allowed the two items of $144.59 and $509.09 as deductions from $15,959.63, and entered a final decree in the suit brought by Wadsworth in his favor for the balance, $15,305.95, with interest and costs. In the suit brought by Richenburg, he entered a final decree dismissing the bill

with costs.  Richenburg appealed from the final decrees only.

Assuming that the exceptions to the master's report are open, we find no error.  All of them that have been argued fall under the elementary rule that an exception to a master's report cannot be sustained unless the error is made to appear on the face of the report itself.  *Bumpus* v. *Church*, 302 Mass. 419.  Richenburg endeavors to support one exception by a reference to what he calls "uncontradicted testimony" of witnesses which was reported solely as bearing upon his exceptions as to the admissibility of evidence. Nothing in the record shows that that testimony was "uncontradicted."  The testimony was only a fragment, reported merely to give the background of a question of law, and furnished no basis for a finding of fact contrary to that of the master.  *Wood* v. *Baldwin*, 259 Mass. 499, 508, 509.  *Morin* v. *Clark*, 296 Mass. 479, 483.  *Meehan* v. *North Adams Savings Bank*, 302 Mass. 357, 362.  The exceptions argued all bear upon Richenburg's main contention that the note was given to secure a particular part of his indebtedness, which was earlier in time than the rest, and that the accounts receivable when collected should be credited upon the note instead of upon his indebtedness as a whole; for which he cites *Lampasona* v. *Capriotti*, 296 Mass. 34, 40.  One difficulty with this contention is that the master finds that the note was not given for any particular part of the indebtedness; and the oral evidence of an understanding to the contrary was rightly excluded, for the written contract comprised the entire agreement between the parties.

By the written contract the distributing company agreed to entrust the collection by suit of accounts receivable to a particular attorney, but it gave the accounts to another attorney for collection.  Consequently, Richenburg says, he is liable for nothing on the note, citing *Sipley* v. *Stickney*, 190 Mass. 43, *Bowen* v. *Kimbell*, 203 Mass. 364, 371, and *McCormick* v. *Proprietors of the Cemetery of Mt. Auburn*, 285 Mass. 548, 553.  But here the suit is on an independent note, not on the contract, and the contract is important

only so far as it measures credits to be given on the note. The master found that the breach resulted in no damage. The same considerations apply to other minor breaches of the contract relied on by Richenburg.

In each case the entry will be

*Decree affirmed with costs.*