MAYLAND P. LEWIS, administrator, vs. CONRAD & Co., INC.

Suffolk.    April 8, 1942. — May 27, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

Practice, Civil, Auditor: findings, objections to report.    Sale, Warranty.

An objection appended to the report of an auditor whose findings of fact
are final has no standing in the absence of a motion to recommit the
report for correction of errors alleged in the objection.

Where a report of an auditor whose findings of fact were final did not
include a report of the evidence and did not state nor show that an
ultimate conclusion was based solely on the subsidiary findings recited,
that conclusion, if not inconsistent with the subsidiary findings, must
stand as binding on the trial court and on this court.

In an action under § 17 of G. L. (Ter. Ed.) c. 106 for breach of an implied
warranty in the sale of a dress, heard upon the report of an auditor
whose findings of fact were final, where the auditor did not report the
evidence, made no specific finding to the effect that the buyer relied
on the skill or judgment of the seller, and made a general finding,
not stated nor shown to be based solely on subsidiary facts found as
distinguished from all the evidence heard by the auditor, that there
was a breach of implied warranty, the general finding imported a
finding of subsidiary facts necessary to support it and, not being
inconsistent with the subsidiary facts reported, was binding upon
the trial court and on this court.

In an action under G. L. (Ter. Ed.) c. 106, § 17, for breach of an implied
warranty in the sale of a dress, findings by an auditor whose findings
were final established the presence of a chemical irritant in the dress
as the cause of dermatitis suffered by the buyer when she wore it.

CONTRACT.   Writ in the Superior Court dated August
30, 1937.

The case was heard by Dowd, J., upon the report of an
auditor whose findings of fact were final.   The defendant
filed objections to the auditor's report but no motion to
recommit.

R. L. Sisk, (S. W. Stanton with him,) for the plaintiff.

J. P. Sullivan, (A. F. Bickford with him,) for the de-
fendant.

Cox, J.   The plaintiff's intestate brought this action to
recover for an alleged breach of warranty of the defendant

arising out of the sale of a dress. The plaintiff, as administrator, was admitted as a party. The case was referred to an auditor, whose findings of fact were to be final. The defendant filed two objections to his report, only one of which needs to be considered. That objection is to the finding of the auditor that there was a breach of an implied warranty on the part of the defendant in the sale of the dress to the plaintiff's intestate, and to the finding for the plaintiff and assessment of damages, upon the ground that these findings are not warranted by the subsidiary findings made by the auditor, but are contrary thereto and erroneous as matter of law. The plaintiff moved that the report be confirmed and judgment for the plaintiff ordered thereon. The trial judge, in a "Statement of Rulings and Orders," "sustained" the defendant's objection, denied the plaintiff's motion for judgment (see *Heaphy* v. *Kimball*, 293 Mass. 414, 417; *Edinburg* v. *Allen-Squire Co.* 299 Mass. 206, 207), and ordered judgment to be entered for the defendant. He also found for the defendant. See *Pittsley* v. *Allen*, 297 Mass. 83, 85. The plaintiff appealed.

The report of the auditor constitutes a case stated. *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 108. He found that the plaintiff's intestate purchased two dresses from the defendant, and that, at the time of the purchase, the salesgirl understood that the dresses were to be worn by her. While she was wearing one of these dresses, she experienced discomfort, and when the dress was removed, found a rash on her body at places where the dress came in direct contact with it. She had never experienced any such rash before. On a later occasion she wore the dress, and again her body became covered with a rash wherever the dress came in contact with it. The dress contained some chemical irritant adequately capable of causing the rash. Further findings are that notice was given to the defendant by the deceased within a reasonable time, which finding the defendant does not now question, and that neither the deceased nor the defendant was negligent, but that there was a breach of implied warranty on the part of the defendant in the sale of the dress. The

report concludes with a finding for the plaintiff and assessment of damages.

The objections of the defendant to the report had no standing except as the foundation of a motion to recommit the report for correction of errors. Rules 89 and 90 of the Superior Court (1932). *Howland* v. *Stowe*, 290 Mass. 142, 145. It was the duty of the judge to enter the correct judgment required by the facts found. *Heaphy* v. *Kimball*, 293 Mass. 414, 417. The subsidiary findings must stand unless it appears that there was no evidence sufficient in law to warrant them, but the auditor's conclusions of fact, reached by inference from those subsidiary findings, are open to review as matter of fact, not only by the trial court but also by this court when the case comes here upon appeal. *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 108–109. *Keefe* v. *Johnson*, 304 Mass. 572, 573, 574. The evidence is not reported, and a general finding not based on subsidiary findings imports a finding of subsidiary facts essential to that conclusion. *Rosenblum* v. *Ginis*, 297 Mass. 493, 496. Compare *Friedman* v. *Berthiaume*, 303 Mass. 159, 162, 163. An agreement of the parties for a reference to an auditor, whose findings of fact are to be final, makes the report of the auditor a statement of all the ultimate facts upon which the rights of the parties are to be determined. *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147, 151, 152. See *Brooks* v. *Davis*, 294 Mass. 236, 238.

By the defendant's objections to the auditor's report, the judge's attention was directed specifically to the complaint that the two findings, hereinbefore referred to, were not warranted by the subsidiary findings, but were contrary to them and erroneous as matter of law. In so far as either or both of these conclusions of fact were expressly based solely upon subsidiary findings, it was within the province of the judge to draw contrary conclusions. The drawing of such contrary conclusions or inferences of fact may be implied in the order for judgment, and it is good practice for the judge, if he draws such a contrary conclusion or inference of fact, to do so expressly. *United States*

*Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 110–112.  In the case at bar the action of the judge in this respect is indicated by his order that judgment be entered for the defendant, and also by ruling on the defendant's objections that the findings were not warranted by the subsidiary findings, were contrary thereto and erroneous as matter of law.  He was not required to make this ruling.  In accordance with what has been said, it was his duty to order the correct judgment on the facts found by the auditor.  *Howland* v. *Stowe,* 290 Mass. 142, 146.  *Antoun* v. *Commonwealth,* 303 Mass. 80, 81.  It is for this court to determine whether the order for judgment for the defendant was correct upon the facts found by the auditor.

We are of opinion that, from an examination of the auditor's report, it cannot be said that the finding that there was a breach of implied warranty was based upon the subsidiary findings.  The only findings that relate to the purchase of the dress are as follows: "On January 5, 1937, . . . [the deceased] went to the store of the defendant in Boston . . . [where] she had a personal charge account, and there purchased two dresses which were charged to her account.  The purchase price of each dress was three dollars and sixty-nine cents.  The salesgirl at the time of the sale understood that the dresses were to be worn by the . . . [deceased].  The defendant had purchased the dresses . . . from a manufacturing concern in New York City."  The finding of the breach of implied warranty is as follows: "I find that the . . . [deceased] was not negligent.  I find that the defendant was not negligent.  I find however that there was a breach of implied warranty on the part of the defendant in the sale to the . . . [deceased] of the hereinbefore described black dress."  Nowhere in the report does it appear that these findings are based solely upon subsidiary findings, as distinguished from all the evidence that the auditor heard.  When the auditor was dealing with the question of whether notice was given to the defendant by the deceased within a reasonable time, he stated his findings in a separate paragraph, separately

numbered, and concluded by saying: "Upon all of the foregoing facts in this paragraph contained I find that notice was given to the defendant by the . . . [deceased] within a reasonable time." This method of the auditor in reaching this ultimate conclusion by expressly stating that it was based upon the foregoing facts in that paragraph, when compared with his bald finding of a breach of implied warranty, is not without significance. We are of opinion that it was not within the province of the trial judge, in the circumstances, to deal with this finding of a breach of implied warranty upon the theory that it was not warranted by the subsidiary findings and was contrary to them.

It seems apparent that the auditor's finding of a breach of implied warranty was made with reference to G. L. (Ter. Ed.) c. 106, § 17. The defendant admits the sale of a dress to the deceased on or about the date when she purchased two dresses, the wearing of one of which caused her injuries, and the defendant also admits that its clerk, at the time of the sale, understood that the dresses were to be worn by the deceased. It is apparent that the deceased made known to the clerk the particular purpose for which the dress was required, but the auditor did not find expressly that the deceased relied on the skill or judgment of the defendant. But, in the circumstances, it is unnecessary to determine whether it follows from his findings as a necessary inference that "it appears" that she so relied. See G. L. (Ter. Ed.) c. 106, § 17. From this report it cannot be said, however, that she did not. There may have been evidence that she did. The general finding of the auditor that there was a breach of implied warranty imports a finding of the necessary subsidiary facts to support it. The defendant's objections to the auditor's report, among other things, alleged that the finding of a breach of an implied warranty was not warranted by the subsidiary findings that the auditor had made. We think that the trial judge could have dealt with these objections upon the assumption that, in effect, they constituted a motion for recommittal (see Rule 89 of the Superior Court [1932]), and if he was of opinion that the case required further

subsidiary findings, he could have recommitted it to the auditor for that purpose. This he did not do. Accordingly, it must be assumed that he found that the finding of the breach of implied warranty was contrary to the subsidiary findings and that it was erroneous as matter of law. But where, as here, this finding does not appear to be based solely upon the subsidiary findings, the judge was required, in the absence of a recommittal, to accept that finding as final.

It cannot be said that the finding of a breach of implied warranty or the finding for the plaintiff was erroneous as matter of law. A breach of implied warranty gave the deceased a right of action against the defendant, where, as here, it appears that notice of the breach was given within a reasonable time. (See G. L. [Ter. Ed.] c. 106, § 38.) The defendant contends that the general finding of the auditor for the plaintiff was not warranted. His findings as to what happened to the deceased on the occasions when she wore the dress and that the dress contained some chemical irritant that was capable of causing her condition, resulting in what was diagnosed as dermatitis, and that the irritation to her body was caused by wearing the dress, amply support the finding for the plaintiff in so far as it relates to cause and effect. There were no contradictory findings, and none from which contrary inferences could be drawn. There is nothing in the report that would warrant a conclusion that the deceased did not suffer injury, and the defendant makes no contention that there is. As the next step in the case we have the categorical finding of a breach of implied warranty.

In view of what has been said, we are of opinion that it was error to order judgment for the defendant, and that the correct order is that judgment be entered for the plaintiff on the auditor's report.

*So ordered.*