TIMOTHY J. MAHONEY, SENIOR, & another, *vs.* C & R CONSTRUCTION COMPANY.

Middlesex. May 5, 1942. — May 27, 1942.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & COX, JJ.

*Practice, Civil,* Auditor: findings, drawing of inferences from findings. *Negligence,* Contractor, Construction work.

Conclusions of fact reached by inference from subsidiary findings by an auditor whose findings are final are open to review by the trial court and by this court.

An ultimate finding by an auditor whose findings were final, following his subsidiary findings, that he "therefore" found for the plaintiff, must be taken to have been based on the subsidiary findings.

Subsidiary findings by an auditor whose findings were final did not support a conclusion that damage to real estate by vibration from the use of an air compressor in the construction of a sewer on adjacent land was due to negligence of the contractor.

TORT. Writ in the Superior Court dated January 8, 1940.

Judgment for the defendant on the auditor's report was ordered by *Leary,* J. The plaintiffs appealed.

The case was submitted on briefs.

*M. Singer,* for the plaintiffs.

*G. A. McLaughlin & W. H. McLaughlin,* for the defendant.

LUMMUS, J. This is an action of tort for alleged negligence in the construction by the defendant of a sewer upon land adjoining that of the plaintiffs, causing injury to the plaintiffs' land and the building thereon.

The case was referred to an auditor whose findings of fact by agreement were to be final. The auditor made

certain subsidiary findings, one of which was that "there was no expert evidence given as to how the high air compressor was operated" which caused damage to the plaintiffs' building through vibration.   Another finding was "that the defendant used the best and most improved method in constructing the work being done, also best type of machinery."   Following the subsidiary findings, the auditor made his ultimate or general finding, as follows: "I, therefore, find for the plaintiffs in the sum of . . . $450."

It is now settled that the ultimate or general finding of such an auditor may be corrected in a case like this by inferences drawn by this court from the subsidiary facts found by him.   *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105.   *Galluzzi* v. *Beverly,* 309 Mass. 135.   See also *Hayes* v. *Lumbermens Mutual Casualty Co.* 310 Mass. 81, 83.   There is nothing in the subsidiary facts found that tends to support the conclusion that the defendant was negligent, and some of the subsidiary findings tend to the contrary.   The principle that an ultimate or general finding implies the making of subsidiary findings that support it, (*Maher* v. *Haycock*, 301 Mass. 594, 595; *Rosenblum* v. *Ginis*, 297 Mass. 493, 496, 497,) cannot be invoked in this case, for here the ultimate or general finding is expressly based, by the use of the word "therefore," upon the subsidiary findings stated.   The auditor states his ultimate or general finding as a mere conclusion from those subsidiary findings.

It follows that a recovery by the plaintiffs is not warranted by the auditor's report.

*Judgment for the defendant.*