BYON A. OATLEY *vs.* LEO DUPREY.

Worcester.    September 22, 1942. — October 28, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Contract,* Implied.

On findings that the defendant had employed the plaintiff as "supervisor and foreman" in the construction of a building at a stipulated weekly compensation which had been paid; that at the defendant's request the plaintiff had performed further skilled services beneficial to the defendant in reducing the cost of construction; that the matter of the plaintiff's compensation therefor had been a subject of discussion between the parties, but that no agreement thereon had been reached, and that a certain amount was the fair value of such additional services, judgment for the plaintiff for that amount was properly ordered.

CONTRACT. Writ in the Central District Court of Worcester dated October 11, 1937.

Upon removal to the Superior Court, an order for judgment for the plaintiff on an auditor's report was made by *T. J. Hammond, J.*

*H. J. Dumas,* for the defendant.

*N. A. Cohen,* for the plaintiff, submitted a brief.

Cox, J. This action of contract was referred to an auditor whose findings of fact were to be final. We are concerned only with the third count of the plaintiff's declaration in which he alleges, in substance, that at the request of the defendant he acted as builder and contractor in the erection of a building, and that he is entitled to the fair value of the services rendered. The auditor found that he was entitled to recover on this count, but that he had ·failed to prove the allegations in counts 1 and 2 of the declaration to the effect that the compensation for his services had been definitely agreed upon. The trial judge denied the defendant's motion for judgment, and allowed that of the plaintiff. The defendant appealed.

The order denying the defendant's motion for judgment was not appealable. It was not an "order decisive of the case." *Lawrence* v. *Old Silver Beach, Inc.* 303 Mass. 377, 378. The report of the auditor, whose findings of fact were to be final, is equivalent to a case stated, and the order for judgment for the plaintiff upon it is properly here on appeal. It was the duty of the judge to order the judgment required by the facts found. In addition to allowing the plaintiff's motion for judgment, the judge found for the plaintiff. See *Pittsley* v. *Allen,* 297 Mass. 83, 85. The evidence is not . reported, and it is for this court to take the report on its face in accordance with the well established rule. *Lewis* v. *Conrad & Co. Inc.* 311 Mass. 541, 543.

The auditor found that the defendant asked the plaintiff if he would construct a building for him similar to one he had just built. The plaintiff submitted a plan and estimate of cost which were rejected by the defendant, who then sought bids from other contractors, none of which was accepted. The defendant then submitted to the plaintiff a plan and specifications drawn by architects. They went over the matter and "found" that if the details of the plan

and specifications were carried out in the entirety, the cost would be about $20,000. The plaintiff was asked if he could reduce this cost and replied that he thought he could save $5,000. The defendant then said, "go ahead with it," and authorized the plaintiff to proceed at once with the work. The parties had a conversation as to what the charges for the plaintiff's services "should" be. The defendant suggested that the work be started on a day basis, and to this the plaintiff agreed. The plaintiff "explained" and outlined that day work in this case meant a weekly wage of $45 plus ten per cent of the total cost of all work and construction supervised by him. During this conversation the plaintiff submitted another figure for all construction work, which the defendant rejected. He agreed, however, to pay a weekly wage of $45 to the plaintiff as "supervisor and foreman," with the understanding that no foreman should be employed on the job. The plaintiff endeavored to procure a written contract from the defendant embodying the weekly wage of $45, together with the "cost plus 10% proposition." But the evidence did not "reveal" that the parties entered into any oral or written agreement on the "cost plus 10% part of the proposition or that the defendant ever agreed or assented to the cost plus 10% phase of the transaction."

The plaintiff proceeded "as authorized" by the defendant with the work of construction, hired all help, purchased materials (which were paid for by the defendant), complied generally with the architects' plan and specifications and acted in a supervisory capacity in all details of the work. He advised, used his skill for the benefit of the defendant, and accompanied him in the purchase of materials and sought advantageous prices. He also kept a record of costs of all materials and labor, and submitted accurate accounts that were acceptable and satisfactory to the defendant, who requested and required the plaintiff to devote his time exclusively to the construction of the building, to use his own judgment and discretion in procuring and using materials, new and second hand, when adaptable and advisable, with the view of expediting construction and lowering costs.

The plaintiff devoted all his time to the construction work, the cost of which amounted to approximately $14,400. He had nothing to do with the installation of the electric wiring, plumbing, grading or the interior finishing, and the report does not disclose the cost of these items. The plaintiff received a weekly wage of $45 "for services rendered" during the period of construction, and these payments were for his services "as supervisor and foreman." He carried on and completed the work in accordance with the plan and specifications, devoted his whole time to arranging, planning and supervising the work, at no time receiving any suggestions or instructions from the architects, and completed the building in workmanlike manner, within a reasonable time, fully acceptable and satisfactory to the defendant.

Other findings are that the knowledge and skill displayed by the plaintiff in the "manner of construction and completion" of the building enhanced the defendant's interest to an extent that entitles the plaintiff to further reasonable compensation, in addition to the $45 a week, and that the plaintiff has not been fully compensated for the fair value of the services rendered at the "request, knowledge and consent" of the defendant; that the services that were rendered by the plaintiff "exceeded" the duties of supervisor and foreman, for which he received $45 per week, and, upon evidence submitted as to a reasonable and fair compensation in "such cases and particularly in the instant case," that the plaintiff was entitled to three and one half per cent of the total cost of construction.

The evidence is not reported, and the subsidiary findings must stand. We are of opinion that in so far as any of the auditor's conclusions of fact are reachable by inference from those subsidiary findings, if at all, they must also stand. See *Lewis* v. *Conrad & Co. Inc.* 311 Mass. 541, 543.

Although the defendant authorized the plaintiff to proceed at once with the work when the latter told him that he thought he could save $5,000, the only definite agreement for compensation that was made was that the plaintiff was to receive a weekly wage of $45 for acting as super-

visor and foreman. The plaintiff was unable to secure a written contract from the defendant that would embrace further compensation, and although there were "considerable discussions, talk, explanation and suggestions between the plaintiff and defendant" relative to the plaintiff's receiving the cost plus ten per cent "as an additional compensation for services," nothing ever resulted except that the plaintiff went on with the work and rendered services in addition to those of "supervisor and foreman."

We think it sufficiently appears that the plaintiff did render additional services in such circumstances that he is entitled to recover for their value. The defendant contends that everything that the plaintiff did was comprehended within the definite agreement between the parties whereby the plaintiff was to act as supervisor and foreman. Facts otherwise are found, however. We think this is a case where the plaintiff rendered services of value to the defendant for the payment of which there was an express agreement only in part. When the plaintiff told the defendant he thought he could save $5,000 in the construction, he was told to "go ahead with it" and authorized to proceed at once with the work. The work was started on a day basis, which the plaintiff explained meant more than $45 per week. The payment for the services as supervisor and foreman was agreed upon, and that is as far as the parties ever got on the question of compensation. Nevertheless, the plaintiff went ahead with the work. The defendant must be held to have known that the additional work in excess of the duties of a supervisor and foreman was not rendered gratuitously. The additional services of the plaintiff were furnished at the defendant's request and for his benefit, although the minds of the parties never met in any agreement about the price. From this the law could imply that the defendant was to pay for the fair value of the services rendered, unless there is something in the circumstances or in the relation of the parties, or something else to indicate that the services were gratuitous. Nothing appears to take the case out of the general rule that the services were rendered in such circumstances that the plain-

tiff was entitled to be paid for their fair value. *Vickery* v. *Ritchie*, 202 Mass. 247, 249, 250, 252. *Lonnqvist* v. *Lammi*, 240 Mass. 371, 373, 374. *Evers* v. *Gilfoil*, 247 Mass. 219, 223, 224. *Murphy* v. *Mitchell*, 254 Mass. 18, 21. *Mac-Donald* v. *Kavanaugh*, 259 Mass. 439, 443. See *Smith* v. *Knapp*, 297 Mass. 466, 468, 469. Compare *Dana* v. *Hovey*, 264 Mass. 79, 83.

As steps in determining the fair value of the additional services that the plaintiff rendered, the auditor found, on the testimony of an architect, that a reasonable and fair compensation in such cases, and "particularly in the instant case," would be generally about three and one half per cent of the total construction cost, and that "according to the custom and usage of the building methods," the plaintiff was entitled, as fair value for all services rendered, to a sum in excess of the weekly wage. On all the evidence, he found that the plaintiff was entitled to a sum equal to three and one half per cent of the cost of construction. The defendant contends that evidence of a custom or usage can never be admitted to control or vary the terms or legal effect of a contract expressing the terms of the parties (see *Cesana* v. *Johnson*, 232 Mass. 444, 448), and that there was an express contract between the parties by the terms of which the plaintiff was to act as supervisor and foreman at a weekly wage of $45. As already pointed out, however, the plaintiff rendered services in addition to those required of him as supervisor and foreman. It well may be that these additional services were furnished within the contemplation of the parties under the broad authorization of the defendant to "go ahead with it," which followed the inquiry of the defendant whether the plaintiff could reduce the cost of carrying through the construction under the architects' plan and the plaintiff's reply that he thought he could save $5,000. In any event, the fact of the matter is that additional services were rendered at the request of the defendant and that the minds of the parties never met on the point of what payment was to be made for these services. *Vickery* v. *Ritchie*, 202 Mass. 247, 249. See 33 Harv. Law Rev. 376. It does not appear that the defendant objected

to the evidence of the architect, and, in any event, we think it sufficiently appears that it was made use of by the auditor not for the purpose of varying the terms of an express contract, but only for the proper purpose of determining the fair value of the plaintiff's additional services.

*Appeal from order denying defendant's motion for judgment dismissed.*

*Order for judgment for plaintiff affirmed.*