NETTIE THIBODEAU *vs.* HERBERT WEBSTER.

Worcester.    September 22, 1942. — October 29, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Negligence*, Motor vehicle, Use of way.

A conclusion of negligence on the part of the operator of an automobile
at night on his right side, and near the center, of a road about nineteen
feet wide was warranted on findings that, having seen an automobile
approaching from the opposite direction stopping on the other side of
the road and about two hundred feet away and being blinded by its
headlights, he nevertheless continued at more than twenty miles an
hour until his automobile collided with a third automobile which
turned out suddenly from behind the second automobile into the path
of his automobile and which he did not see before the collision.

TORT.    Writ in the District Court of Leominster dated
February 3, 1942.

Upon removal to the Superior Court, the action was
referred to an auditor and thereafter judgment for the
plaintiff on the auditor's report was ordered by *Dillon,* J.
The defendant appealed.

*W. W. Jump,* for the defendant.

*S. M. Salny,* for the plaintiff.

RONAN, J.    An auditor whose findings of fact are final
has found that the plaintiff was travelling westerly along a
public way in Lunenburg, at about 9:30 o'clock on a pleas-
ant August evening in 1941, in an automobile owned by
one Albert and operated by him along the right hand or
northerly side of the highway, at a speed of twenty or
twenty-five miles an hour, about three car lengths behind
an automobile owned by one McMackin.    The McMackin
automobile had travelled at this distance ahead of the
Albert automobile for several hundred feet and gradually
came to a stop at the extreme right side of the way, with
its right wheels resting about two feet onto the north
shoulder of the road.    Albert continued in the same course
and at the same speed until he came within a car length of

the McMackin automobile, when he turned sharply to his left to pass it and observed the headlights of the Webster automobile which was approaching from the west on its right hand side but near the center of the way, and was then close to the front of the McMackin automobile. The Webster and the Albert automobiles collided at the left front fenders of each, at a point about opposite the center of the McMackin automobile. Albert had seen the Webster automobile approaching as Albert was travelling behind the McMackin automobile and before the McMackin automobile had commenced to stop. The Webster automobile turned onto this public way two hundred feet westerly of the place of the accident and at that time its operator saw the McMackin automobile stopping, and, although he was blinded by the headlights of the McMackin automobile, he travelled between twenty and twenty-five miles an hour until he collided with the Albert automobile, which he did not see before the collision. The plaintiff was injured as a result of this collision. The way was straight at the site of the accident. The center of the way consisted of a smooth tar surface about nineteen feet wide which was flanked on each side by a gravel shoulder two feet in width. The auditor found that the operators of the Albert and Webster automobiles were negligent; that the driver of the McMackin automobile was not negligent; that the plaintiff was not contributorily negligent; and he assessed damages. Webster appealed from an order for judgment for the plaintiff upon the report of the auditor.

It is unnecessary to decide whether we should construe the auditor's report as showing that his ultimate findings were based upon all the evidence — as the plaintiff contends — so that his general findings, which do not appear to be inconsistent with his subsidiary findings, import a finding of all subsidiary findings essential to his general findings, *Lewis* v. *Conrad & Co. Inc.* 311 Mass. 541; or whether we should interpret the report as showing that his general findings rest solely upon the subsidiary findings — as the defendant contends — so that the correctness of his general findings may be tested and rejected if found to be

erroneous by this court which, upon appeal, determines for itself, unaffected by the action of the trial judge, what the general findings are that should follow from the subsidiary findings reported, *Mahoney* v. *C & R Construction Co.* 311 Mass. 558, for even if we should adopt the defendant's contention, we would reach the same general conclusions that the auditor did.

The auditor was undoubtedly right in finding that Albert was negligent in turning out from behind the McMackin automobile and only a car length in front of the Webster automobile. The plaintiff was not bound by the negligence of Albert. *Bessey* v. *Salemme,* 302 Mass. 188. But the resulting collision was not due solely to the negligence of Albert. The fact that a collision was inevitable in the circumstances when Albert turned to his left does not absolve the defendant from liability. The findings of the auditor show a continuous course of negligent conduct upon the part of the operator of the defendant's automobile which finally culminated in the collision. To drive between twenty and twenty-five miles along the right center of a highway for nearly two hundred feet after knowing that an automobile had stopped on the left side of the road, without being able while travelling this distance to see anything in front of him, and then colliding with an automobile that he did not see until he collided with it, warrants no other conclusion than that such an operator was negligent. *Alpert* v. *Ellis,* 236 Mass. 404. *Woodman* v. *Powers,* 242 Mass. 219, 222. *Hicks* v. *H. B. Church Truck Service Co.* 259 Mass. 272, 276. *Commonwealth* v. *Arone,* 265 Mass. 128. *Arnold* v. *Colbert,* 273 Mass. 161. *Durling* v. *Lamontain,* 277 Mass. 517. *Clark* v. *C. E. Fay Co.* 281 Mass. 240. *Texeira* v. *Sundquist,* 288 Mass. 93, 94. *Haines* v. *Chereskie,* 301 Mass. 112. *Lucier* v. *Norcross,* 310 Mass. 213.

*Order for judgment affirmed.*