ELSIE HARSHA *vs.* SHERMAN H. BOWLES
(and three companion cases [1]).

Worcester.   September 27, 1943. — October 29, 1943.

Present: FIELD, C.J., DONAHUE, QUA, & DOLAN, JJ.

*Negligence*, Violation of law, Motor vehicle, Use of way.   *Practice, Civil*, Auditor: findings.

In this Commonwealth a civil cause of action does not arise merely out of violation of a penal statute designed to secure safety, unless a legislative intent to create such a cause of action appears by express language or by clear implication.

---

[1] The companion cases were Raymond Harsha *vs.* Sherman H. Bowles, Elsie Harsha *vs.* William R. Kenny, and Raymond Harsha *vs.* William R. Kenny.

Violation by the operator of a motor truck of § 14B, inserted in G. L. (Ter. Ed.) c. 85 by St. 1938, c. 432, respecting the setting of flares, while evidence of his negligence, is not conclusive evidence.

A conclusion by an auditor whose findings were to be final, that, while about five minutes elapsed between the stopping of a motor truck because one of double back wheels had come off and a collision of an automobile with the rear of the truck, "a reasonably sufficient time to permit" the operator to set flares as required by G. L. (Ter. Ed.) c. 85, § 14B, inserted by St. 1938, c. 432, "did not elapse . . . and so his failure to set them out was not negligence on his part," must stand where it was based on all the evidence and was not inconsistent with the subsidiary findings.

FOUR ACTIONS OF TORT. Writs in the First District Court of Southern Worcester, those against the defendant Bowles being dated March 9, 1942, and those against the defendant Kenny being dated October 28, 1942.

On removal to the Superior Court, the cases were heard together by an auditor whose findings of fact were to be final, and upon his reports judgments for the defendants were ordered by *O'Connell,* J. The plaintiffs alleged exceptions.

*E. J. McCabe,* for the plaintiffs.

*S. B. Milton,* (*R. C. Milton* with him,) for the defendant.

QUA, J. These four cases arise out of a collision which occurred in Charlton in the evening of November 1, 1941, in darkness and rain, between an automobile in which the plaintiffs were riding as passengers and a large heavy "tractor and trailer type" of motor truck owned by the defendant Bowles and operated by the defendant Kenny.

Both vehicles were headed in a westerly direction and were on the northerly side of the road. The truck had become disabled and had come to a stop under circumstances hereinafter stated, and the automobile ran into the rear end of the truck. The provisions of G. L. (Ter. Ed.) c. 85, § 14B, inserted by St. 1938, c. 432, required the operator of the truck, under penalty, to "place three lighted flares" in designated positions and at designated distances from his disabled vehicle. The defendant Kenny had not done this, although his truck was equipped with flares.

The facts are found by an auditor whose findings of facts were to be final. His findings of subsidiary facts must

therefore stand, but any conclusions of fact reached by inference from his subsidiary findings are open to review here as matter of fact. *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 108–109. *Mahoney* v. *C & R Construction Co.* 311 Mass. 558. *Brian* v. *B. Sopkin & Sons, Inc., ante*, 180, 183.

Important findings, in addition to those already stated, are these: Kenny, feeling a "jarring" of the truck, stopped as close as he could to his right hand edge of the macadam. There was no "shoulder" at that point. After stopping, Kenny "secured his flash light" and went to the rear of the truck. He found that "the outside rear wheel" (the trailer having "dual" wheels) had come off, and that the corresponding inner wheel was loose and in danger of coming off. The wheel that had come off was on a banking about ten feet behind the truck. Kenny rolled it to the truck and propped it against the loose inner wheel. He felt that if he had not done this the trailer, with its ten and one-half ton load, would tip over. He then saw automobiles approaching from the east, all of which, except that in which the plaintiffs were riding, passed by the left side of his truck. As the automobile in which the plaintiffs were riding, instead of turning to its left, continued on its course directly in the rear of the truck, Kenny waved his flash light from side to side as a warning, but without effect. About five minutes elapsed between the stopping of the truck and the collision. The wheel came off because some of the "lugs" which held the dual wheels in place were "shorn off." Kenny had checked these "lugs" before leaving Cambridge on that trip and had found them all tight. "Apart from his failure to set out flares the defendant Kenny was not negligent, and, therefore, the defendant Bowles was not negligent." "With reference to the setting out of flares I find that a reasonably sufficient time to permit the defendant Kenny to do this did not elapse between the time his truck became disabled and the time of the accident and so his failure to set them out was not negligence on his part."

The finding that, apart from his failure to set out flares,

Kenny was not negligent must stand. So far as appears it rests upon all the evidence before the auditor and is not a mere inference from subsidiary findings, and it is not inconsistent with the subsidiary findings. *Lewis* v. *Conrad & Co. Inc.* 311 Mass. 541. *Downey* v. *Union Trust Co. of Springfield,* 312 Mass. 405, 409. The subsidiary findings do not require the conclusion that, apart from his failure to set out flares, Kenny was negligent.

The plaintiffs' case must therefore rest entirely upon Kenny's alleged violation of the statute in not placing the flares. The defendants argue that the statute must be construed reasonably, that it does not require the impossible, and that Kenny did not have a reasonable time in which to set out the flares. Doubtless it would have taken Kenny an appreciable time to get his flares out of the truck, to place them at the considerable distances apart on the road required by the statute, and to light them. He had about five minutes. Whether if he had done nothing else it would have been possible for him in that time to have placed and lighted the flares as required by the statute we do not really know. Perhaps he could have done so. But we need not undertake to decide this question of fact. Nor is it necessary to determine whether the statute can be construed to allow the driver more than the bare minimum time within which it would have been possible for him to obey it. The issue in these cases is not whether Kenny violated the statute. The issue is whether he was negligent. In this Commonwealth a civil cause of action does not arise merely out of violation of a penal statute designed to secure safety, unless a legislative intent to create such a cause of action appears by express language or by clear implication. *Richmond* v. *Warren Institution for Savings,* 307 Mass. 483, 485. *Barboza* v. *Decas,* 311 Mass. 10, 12. *Greenway Wood Heel Co. Inc.* v. *John Shea Co.* 313 Mass. 177, 183. Moreover, the declarations are for negligence only. Violation of the statute is evidence of negligence but is not in itself necessarily negligence. *Wynn* v. *Sullivan,* 294 Mass. 562, 566, and cases cited. *Aldworth* v. *F. W. Woolworth Co.* 295 Mass. 344, 347. It is possible for a person to violate a stat-

ute like that here involved and at the same time to exercise the care of the ordinarily prudent person in all the circumstances and therefore not to be negligent. *Baggs* v. *Hirschfield*, 293 Mass. 1, 4. In this case the auditor found that "a reasonably sufficient time to permit the defendant Kenny" to place the flares had not elapsed, "and so his failure to set them out was not negligence on his part." This is in substance a finding that even if Kenny violated the statute, he nevertheless acted as a reasonable man and was not negligent. The finding that a reasonably sufficient time had not elapsed seems to rest upon all the evidence and not alone upon the more detailed findings. There is nothing in the subsidiary findings inconsistent with the auditor's conclusion that Kenny was not negligent. In the circumstances shown we ought not to say that due care required Kenny to leave his truck, which already had five red lights on the rear end and a green light at each upper corner, in a condition in which he thought (justifiably, as far as we know) that it might fall with its heavy load on the highway, in order to place the flares before he propped the remaining loose wheel, even if by so doing it might have been possible for him to place the flares a sufficient time before the collision to affect the result. We have not the accurate detailed knowledge of the situation which alone could justify us in interfering with the auditor's conclusions of fact.

There was no error in ordering judgments for the defendants.

*Exceptions overruled.*