JACOB WEISS *vs.* BESSIE BALABAN.

Hampshire. December 1, 1943. — January 31, 1944.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Contract*, Implied. *Collateral Security*. *Practice, Civil*, Exceptions: necessity of bill; Appeal.

The plaintiff in an action for money lent was entitled to recover on findings that he advanced his own, rather than his wife's, money to the defendant and that no definite period for the loan was fixed by the parties.

Recovery against a debtor for the amount of the debt was not barred by the fact that the creditor held as security assignments of uncollected accounts due the debtor, where the creditor had not agreed to look solely to the security for payment.

An exception saved to an interlocutory order in an action at law was lost by the failure of the excepting party to file a bill of exceptions covering that exception and to have such a bill allowed by the judge who made the order.

An appeal in an action at law does not lie under G. L. (Ter. Ed.) c. 231, § 96, from the denial of an application for discharge of an attachment under c. 223, § 114, as amended by St. 1938, c. 325, § 1.

CONTRACT. Writ in the District Court of Eastern Hampshire dated December 5, 1941.

Upon removal to the Superior Court, an application for discharge of an attachment was denied by *Hammond, J.*, and judgment for the plaintiff upon an auditor's report was ordered by *Broadhurst, J.*

In this court the case was submitted on briefs.

*C. V. D. Siegel & E. S. Searle*, for the defendant and Ware Metal Products, Inc.

*H. M. Ehrlich & J. L. Dowd*, for the plaintiff.

RONAN, J. This is an appeal from an order for judgment for the plaintiff in the amount found by an auditor whose findings of fact were final in an action of contract for money lent by the plaintiff to the defendant.

The general findings by the auditor do not purport to be based upon his subsidiary findings as they did in *Keefe* v.

*Johnson*, 304 Mass. 572, and in *Mahoney* v. *C & R Construction Co.* 311 Mass. 558, but rest upon all the evidence heard by him; and the general findings made by him imply the making of all subsidiary findings not inconsistent with those appearing in the report and necessary to support the general findings. *Rosenblum* v. *Ginis*, 297 Mass. 493. *Lewis* v. *Conrad & Co. Inc.* 311 Mass. 541. The findings of fact being final, the report constituted a case stated, and the question presented by this appeal, which properly brings the case here, is whether the order for judgment was right upon the facts found by the auditor. *Old Mill Point Club, Inc.* v. *Paine*, 308 Mass. 505. *Oatley* v. *Duprey*, 312 Mass. 281.

The defendant now contends that the order for judgment for the plaintiff was wrong because it appears upon the face of the report that the money advanced belonged not to the plaintiff but to his wife; that title to the raw material and machinery furnished to the defendant remained in the plaintiff or his wife and the plaintiff ought not to have been credited with the amount expended for their purchase; that the plaintiff took partial assignments of the accounts due to the defendant from her customers as collateral security for the money advanced; that the action was prematurely brought because the plaintiff was to be repaid out of the assignments which had not been all collected; that the assignments, being partial, could be enforced only in equity; and that there could be no final adjudication as the plaintiff still holds assignments of the face value of $10,000.

Whether the money lent to the defendant belonged to the plaintiff and whether title to the raw material and machinery furnished to the defendant had passed to her were questions of fact for the determination of the auditor. The source of the money which was lent to the defendant, the negotiations of the plaintiff himself with the defendant, the running of the assignments to the plaintiff and the inactivity of the plaintiff's wife in any of the transactions now in question are sufficiently set forth in the report. It also discloses the various transactions of the plaintiff with the defendant which resulted in the purchase and delivery of

the raw material and machinery, a previous statement by the plaintiff that they were owned by him, the attempt of the plaintiff to obtain a mortgage on them from the defendant and their attachment in the present action as the property of the defendant. The auditor expressly found that the plaintiff advanced his own money and that title to the raw material and machinery was in the defendant. There is nothing in the subsidiary facts inconsistent with these findings and, as no error of law appears in the report that would vitiate these findings, they must stand. *Levine* v. *Lawrence & Co. Inc.* 305 Mass. 210. *Lewis* v. *Conrad & Co. Inc.* 311 Mass. 541.

The auditor impliedly found that the plaintiff did not agree to advance money for any definite period of time and that he could refuse to make any more loans and proceed to collect what was due him at any time he desired. It is also plain from the implied findings of the auditor that the plaintiff did not agree to look only to the assignments of the accounts for the payment of the amounts due. He could resort to the security or the personal responsibility of the defendant for the collection of his debt. *Hale* v. *Rider,* 5 Cush. 231. *Allen* v. *Woodard,* 125 Mass. 400. *Burnham* v. *Windram,* 164 Mass. 313. *Miller* v. *Levitt,* 226 Mass. 330. *Tourtellotte* v. *Saulnier,* 267 Mass. 361. *Silverstein* v. *Saster,* 285 Mass. 453. *Killoren* v. *Hernan,* 303 Mass. 93. His action was not upon the assignments, and the rule that partial assignments are enforceable only in equity, *Kagan* v. *Wattendorf & Co. Inc.* 294 Mass. 588, is not applicable. *Wadsworth* v. *Richenburg,* 303 Mass. 548. The fact that he held uncollected assignments would not bar him from recovering for the money which he had lent but the amount he collected would be credited to the defendant. The plaintiff can have but one satisfaction of the debt due him, and upon the payment by the defendant of the amount of the judgment she would be entitled to a reassignment of all the uncollected accounts held by the plaintiff together with amounts received by him subsequently to November 4, 1942, the date the parties agreed the auditor should determine the amount of the indebtedness. *Savage* v. *Stevens,*

128 Mass. 254. *Burnham* v. *Windram*, 164 Mass. 313. There was no error in ordering judgment for the plaintiff on the facts found by the auditor.

The plaintiff attached certain personal property in this action. Thereafter, the Ware Metal Products, Inc., claiming to own this property, filed an application under G. L. (Ter. Ed.) c. 223, § 114, in the form appearing in St. 1938, c. 325, § 1, for the discharge of the attachment upon its alleged property. The company excepted to the denial of its application. That exception was not kept alive by the filing of a bill of exceptions and its allowance by the judge who refused to grant the application. The company has lost any exception it may have had. *Witherington* v. *Eldredge*, 264 Mass. 166. *Bourget* v. *Holmes*, 297 Mass. 25. *Enga* v. *Sparks, ante,* 120.

The company also appealed from the denial of its application. In papers printed on its order accompanying its appeal the company purported to set forth the proceedings that took place when the application came on for a hearing. Those proceedings cannot be made a part of the record upon an appeal. *Cressey* v. *Cressey,* 213 Mass. 191. *Watts* v. *Watts,* 312 Mass. 442. Moreover, the denial of an application for a reduction or discharge of an attachment in an action at law does not come within any of the three classes of cases enumerated in G. L. (Ter. Ed.) c. 231, § 96, in which an appeal is authorized from the Superior Court to this court. *Richardson* v. *Greenhood,* 225 Mass. 608. *Shea* v. *Peters,* 230 Mass. 197. *DeRosier* v. *Meunier,* 299 Mass. 37.

*Order for judgment affirmed.*
*Appeal of Ware Metal Products, Inc.*
*dismissed.*