SAMUEL GLAZER *vs.* BERTHA LERMAN
(and a companion case [1]).

Essex.    October 6, 1953. — December 30, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Contract,* Building contract, Implied contract.  *Practice, Civil,* Auditor: objections to report, recommittal.

Objections to the report of an auditor whose findings of fact were final were properly overruled where founded upon matters not contained in the report.  [674]

A motion to recommit the report of an auditor whose findings of fact were final was addressed to the discretion of the court.  [674–675]

After a builder had orally agreed to erect a house and garage according to a plan and specifications for a definite price, but substantial changes made at the owner's request and requiring more materials and labor, without any agreement as to price for the changes, had terminated the original contract and another builder had eventually been employed by the owner to finish the construction, the original builder was entitled to recover the value of the work actually done by him from the owner in the absence of any agreement as to the price of that work. [675]

TWO ACTIONS OF CONTRACT.  Writ in the first action in the District Court of Southern Essex dated March 24, 1950; writ in the second action in the Superior Court dated August 17, 1950.

Upon removal of the first action to the Superior Court, the actions were referred to an auditor whose findings were final, and were heard upon his reports by *Morton,* J.    A

---

[1] The companion case is one brought by Bertha Lerman against Samuel Glazer.

motion by Lerman in each case for judgment in her favor was denied. A motion by Glazer in each case for judgment "in accordance" with the auditor's report was allowed. Lerman alleged exceptions in each case.

*Louis Kobrin*, for Lerman, submitted a brief.

*John A. Murphy*, for Glazer.

Lummus, J. The plaintiff Glazer brings this action of contract to recover for labor and materials in the erection of a house in Lynn. In a cross action of contract the plaintiff Lerman seeks damages for the alleged failure by Glazer to complete the erection of the same house. Both cases were referred to an auditor whose findings of fact were to be final.

The following facts were found by the auditor. In the autumn of 1949 the parties orally agreed that Glazer was to build a house for Lerman according to a certain plan and specifications for the price of $25,000. Work began in November, 1949. Two or three weeks later, after the foundation and the first floor had been constructed, the size of the house was increased at the request of Lerman. The change required more materials and labor. Later by agreement the garage was enlarged. Other substantial changes were made at the request of Lerman, which increased the cost of construction. On February 12, 1950, Glazer told Lerman that he could not finish the job with so many changes for $25,000. Lerman said she would pay $27,000, but Glazer told her that at that price he would lose several thousand dollars. More talk followed, but it came to nothing, and Lerman employed another contractor to finish the job. The labor performed and furnished by Glazer, and the materials furnished by him, were worth $17,876.68, and Lerman had paid him $13,500, leaving a balance due from Lerman to Glazer of $4,376.68, for which balance the auditor found for Glazer. No evidence was reported, and none was ordered to be reported. See *Black* v. *Parker Manuf. Co.* 329 Mass. 105, 117–118. Lerman's objections to the auditor's report were properly overruled, for one reason because they were founded upon matters not contained in the report. Lerman's motion to recommit the

report was addressed to the discretion of the judge, and there was no error in denying it.

In the case of Lerman *v.* Glazer, the same auditor found that the many changes made in the original oral contract terminated that contract, and that no price for the changes was agreed upon. He found that Glazer owes Lerman nothing. Lerman's objections to the report avail her nothing, for one reason because they are based upon matters not contained in the report. There was no error in the denial of Lerman's motion to recommit the report.

Both cases come here on bills of exceptions presented by Lerman. She seems to contend that Glazer, notwithstanding the great changes made in the house at her request, was bound to do the work for the original price of $25,000, because no price was fixed for the changes. The auditor could well find that Lerman could not reasonably expect to have those changes made without compensation to Glazer.

As the auditor found, the original contract for $25,000 was terminated when the work to be done was so greatly changed. There was no finding of the cost of making the changes desired by Lerman over and above the cost of performing the original contract. No price was agreed upon for the work as it was actually done. The auditor rightly found for Glazer for the value of that work. *Vickery* v. *Ritchie*, 202 Mass. 247. *Oatley* v. *Duprey*, 312 Mass. 281, 285–286, and cases cited. *Rogers* v. *Becker-Brainard Milling Machine Co.* 211 Mass. 559. *Fitzgerald* v. *Allen*, 128 Mass. 232. *Brown* v. *Woodbury*, 183 Mass. 279. *Bailey* v. *Marden*, 193 Mass. 277, 279. *United States* v. *Behan*, 110 U. S. 338, 345–346.

We find no error in either case, and in each case the entry will be

*Exceptions overruled.*