GEORGE ABDALLAH, administrator, *vs.* SELMA BOUMIL & others (and a companion case). May 8, 1974. George Abdallah appeals from a final decree of the Probate Court disallowing his account as administrator of his mother's estate, and allowing in its stead an account as amended in accordance with the findings of an auditor, facts found to be final, and from certain interlocutory decrees in the same proceeding. (He has waived his appeal in the companion case, Richard G. Drury, administrator *de bonis non, vs.* George Abdallah & others.) The decedent died on May 10, 1965, and the account covers the period to September 30, 1966. G. L. c. 206, § 6. *Bingham* v. *Commissioner of Corps. & Taxn.* 249 Mass. 79, 82 (1924). (1) There was no error in charging Abdallah (the accountant) with $25,000 which the auditor found "as a fact . . . was in the safe . . . [and] which the administrator took and for which he has not accounted." This finding was based primarily on the testimony which was given by the decedent's three daughters who objected to the account and which the auditor believed. It was, in effect, a finding of subsidiary facts which "must stand unless there was no evidence in law sufficient to warrant them." *Union Old Lowell Natl. Bank* v. *Panie*, 318 Mass. 313, 316 (1945). Other findings by the auditor, to which the accountant points, indicating that the decedent had assets apart from those in the safe are not necessarily inconsistent with this finding. See *Lewis* v. *Conrad & Co. Inc.* 311 Mass. 541, 546 (1942); *Hanifin* v. *C & R Constr. Co.* 313 Mass. 651, 658 (1943); *Weiss* v. *Balaban*, 315 Mass. 390, 392 (1944). (2) The auditor used a

reasonable method in calculating the net income from the drive-in theater owned by the decedent with which the accountant, who managed it for the estate, was charged. The auditor accepted the accountant's statement of expenses, but found that he had falsely understated the income for the years 1965 and 1966. The auditor therefore estimated the income for those years and, since the accountant had testified that the business of the drive-in for the years 1965 and 1966 was substantially the same as it had been during the period of the decedent's life, the auditor based his estimate on the number of admission tickets shown from the decedent's 1964 Federal income tax return, adjusted for an increase in the price per ticket. The additional charge of $25,102.75 was a reasonable estimate of the substantial understatement which appears from the subsidiary findings. *Carlo Bianchi & Co. Inc.* v. *Builders' Equip. & Supplies Co.* 347 Mass. 636, 646 (1964). See *Orbach* v. *Paramount Pictures Corp.* 233 Mass. 281, 284-285 (1919). See also *Holland* v. *United States,* 348 U. S. 121 (1954). (The accountant expressly waived objection to "small arithmetical errors in the auditor's calculations.") There is no occasion to consider the accountant's contention that the objectors are barred from claiming the income because it could have been (but was not) determined in a prior equity suit. That argument was made for the first time in this court. Neither the pleadings nor the auditor's report (which "furnished the sole basis for determin[ation]"; *New England Gas & Elec. Assn.* v. *Ocean Acc. & Guar. Corp. Ltd.* 330 Mass. 640, 644 [1953]) deals with this issue. *Schooner Dartmouth, Inc.* v. *Piper,* 349 Mass. 347, 352 (1965). *Catania* v. *Hallisey,* 352 Mass. 327, 331 (1967). (3) The auditor's general finding that the accountant was "liable for the fair market value of the decedent's automobile" imports (under the particular order of reference) a finding of all subsidiary facts necessary to support it. The *Lewis* case, *supra,* at 543. *Smith* v. *Paquin,* 325 Mass. 231, 234 (1950). The auditor's finding (among other subsidiary findings) that the accountant "took" the automobile at the decedent's death and that he should have sold it permits us, in any event (*Thibodeau* v. *Webster,* 312 Mass. 363, 364-365 [1942]), to draw the inference that the accountant converted the automobile and is chargeable with its value. See *Holland* v. *Ball,* 193 Mass. 80, 83 (1906). However, this charge must be reduced by $1,307.07, the amount of the mortgage (covered by insurance for which the accountant was separately charged) on the automobile at the decedent's death. See Newhall, Settlement of Estates (4th ed.) § 76, p. 232. Accordingly, the final decree is modified by reducing the assets (Schedule A) from $90,311.54 to $89,004.47 and reducing the sum of $79,675.12 (Schedule C) to $78,368.05; as so modified, the final decree is affirmed. The interlocutory decrees are affirmed.

Costs and expenses of the appeals are to be assessed against the appellant individually in the discretion of the Probate Court.

*So ordered.*

*Roland E. Shaine* (*Arthur J. Hanflig* with him) for George Abdallah, administrator.

*Richard K. Donahue* (*George W. Anthes* with him) for Selma Boumil & others.